The Venzie Corporation of Ohio, Appellant, *v.* Riethmiller, Appellee.

(No. 5411—Decided March 18, 1957.)

*Mr. Fred J. Milligan* and *Mr. Paul L. Thompson,* for appellant.

*Messrs. Lucas & Lucas* and *Mr. Arthur J. Prendergast, Jr.,* for appellee.

Petree, P. J.   This is an appeal on questions of law from the Common Pleas Court of Franklin County in an action by plaintiff, appellant herein, to collect $4,509.91 and interest, which it claims was due from defendant, appellee herein, arising out of a plastering contract.   Defendant filed a cross-petition for $2,628.07 overpayment on the contract.   The record shows that the parties and their respective counsel did agree at the hearing in the Common Pleas Court that testimony would be taken on the question of the existence or lack of existence of an accord and settlement, and that if after consideration and briefs submitted by counsel on this subject the court should arrive at the conclusion that there was an accord and satisfaction the case would not proceed further; but in the event the court should find that there was no accord and satisfaction in this case, then the case would be set down for further testimony at a subsequent hearing, where the various matters and issues raised by the respective pleadings would be fully explored and testimony fully taken.

The facts are fully set out in the opinion of Judge Marshall of the Common Pleas Court.   We summarize from this opinion

and from a careful reading of the testimony, that Venzie Corporation submitted its invoice on September 28, 1951, for $10,477.76, accompanied by a letter. Mr. Riethmiller sat down in his own office, went over the Venzie invoice, and made up a corrected invoice of his own on yellow paper. On November 21, Mr. Riethmiller handed a check for $3,737.76, together with his own corrected version of the invoice, above referred to, to a Mr. Clyde Hendrickson, agent of plaintiff corporation, which check and corrected invoice were identical in amount and were submitted to Mr. Edmond F. Venzie, president of plaintiff corporation. At first Mr. Venzie refused to cash the check, but on November 29, 1951, he deposited the check and attempted to credit $3,737.76 as part payment on account. A close tabulation of Riethmiller's version of the invoice showed an error in subtraction in favor of plaintiff corporation, and, consequently, the check was for $1,000 more than defendant claimed was due. This fact was discovered by the secretary of the Venzie Corporation prior to the time the check was deposited to plaintiff's credit, but this error is not decisive on the question before the trial court.

The only issue submitted to the trial court was whether there had been an accord and satisfaction.

In our opinion, it is immaterial whether the condition is written on the check which is tendered or by a letter or other message or memorandum which is sent with the tendered payment, so long as it is clear to the offeree before acceptance that the payment is offered in full settlement of an unliquidated claim. The lower court found, and we believe properly so, that the dispute between the parties is one which could be settled by an accord and satisfaction. It found also that the defendant's check of November 21, 1951, for $3,737.76 was tendered in full settlement of the dispute between the parties and that the plaintiff knew that it was so tendered. The court found also that the defendant did not authorize plaintiff to accept the check as payment on account.

Plaintiff urges that the findings of the lower court are against the manifest weight of the evidence. With that contention we cannot agree. There is evidence in the record to sustain the finding by the lower court as expressed in its opinion and entry.

Under the state of the record, since the court found in favor of the defendant on the issue of accord and satisfaction, the court properly rendered judgment for the defendant on the petition of plaintiff and for the plaintiff on defendant's cross-petition. This latter finding is pursuant to stipulation of the parties before the evidence was heard.

Therefore, we find no error in the record to the prejudice of the appellant, and we also find that the determination of the Common Pleas Court is not manifestly against the weight of the evidence. The judgment is, therefore, affirmed.

*Judgment affirmed.*

BRYANT and MILLER, JJ., concur.