THE CHILLICOTHE HOSPITAL, APPELLANT, *v.* GARRETT, APPELLEE.

(No. 253—Decided January 18, 1971.)

*Mr. Thomas W. Sprinkle,* for appellant.
*Messrs. Dennis & Cartwright,* for appellee.

SHANNON, P. J. This is an appeal upon questions of law from a judgment of the Court of Common Pleas of Clinton County affirming a judgment of the Municipal Court of Wilmington, Ohio.

The case at bar was twice before the trial court.

Originally, plaintiff, The Chillicothe Hospital, appellant herein, filed a petition in the short form seeking to recover from defendant, Florence Garrett, appellee herein, $1,766.19 on an account for services rendered to her mother, Anna West. By stipulation, it appeared that Mrs. West was a patient at the hospital from October 10, 1963, through December 12, 1963, the date of her death. At the time of Mrs. West's admission, Florence Garrett agreed in writing "to pay for all services rendered" to the patient. The accuracy of the account, and the nature and amount of the charges were unchallenged, and it was likewise conceded that Florence Garrett received a billing from the hospital in December, 1963.

In January 1964, Florence Garrett received the proceeds of an insurance policy upon the life of her mother and remitted part of such, specifically $399.76, to the hospital. It is in the correspondence surrounding such remittance that the fundamental problem involved here developed.

Florence Garrett testified upon the first hearing by the trial court that one J. Donald Ratcliff was "acting as legal counsel" for her in connection with the hospital charges. It is stipulated that under date of January 29, 1964, Ratcliff addressed a letter to Florence Garrett directing her how to distribute the proceeds of the insurance policy, stating that a copy of the letter was being sent to her brother, Harry A. West, and advising as follows:

"In the letter to your brother, I put a post script indicating that is understood that he is to pay the balance of the hospital." (*Sic*) At some unspecified time, a copy of this letter to Florence Garrett was sent to the hospital.

Florence Garrett further testified that she did not discuss payment of the balance of the account with her brother, but had contemplated a suit to force him to pay the expenses. She was contacted by a representative of the hospital during the summer of 1965 about the unpaid account, but took no action against her brother.

The theory of the defense was that when Florence Garrett advised the hospital that her brother was to pay the charges for services, she put the hospital on notice that a controversy existed about liability for payment and that by accepting her part payment the hospital released her from any further liability.

The trial court concluded that acceptance of Florence Garrett's check constituted an accord and satisfaction of the hospital's claim and rendered judgment for defendant. Upon appeal to the Court of Common Pleas of Clinton County, that judgment was reversed, and the cause remanded, because defendant had failed to plead the affirmative defense of accord and satisfaction

After remand, defendant's answer was amended to assert the defense of accord and satisfaction and, by stipulation, the matter was heard by the same judge as before upon the same evidence adduced upon the prior hearing. That trial resulted in the rendition of judgment for the defendant upon the theory originally adopted. It is from such judgment that this appeal is taken.

"* * * An accord and satisfaction is a method of discharging a contract or settling a cause of action arising from either a contract or tort by substituting for such contract or cause of action an agreement for the satisfaction thereof and an execution of such substituted agreement." See 1 Ohio Jurisprudence 2d 144, Accord and Satisfaction, Section 1.

These questions immediately arise. Was there a contract between the parties, either express or implied, through

which an accord and satisfaction could operate to discharge the obligation originally entered into by Florence Garrett to pay for all services rendered? Can the gratuitous statement of an attorney to his client, later communicated to the client's creditor, that an individual not privy to the contract giving rise to a debt is "understood" to be one from whom payment of the remainder of the debt will come be said to reflect that meeting of the minds which must exist to justify a finding of an accord and satisfaction? Can the creditor herself by a unilateral declaration that another is to pay the debt for which she has become obligated alter the terms of the original written contract?

Nowhere in the evidence does it appear that the hospital entered into . an express agreement with Florence Garrett to look to her brother for payment beyond her remittance. Therefore, a contract would have to be implied to justify the result reached below. We cannot find sufficient in what is before us to support a conclusion that in accepting the payment on account the hospital impliedly released Forence Garrett from the liability assumed when her mother was received as a patient. The evidence is, at best, equivocal and cannot be said to have proved the affirmative defense set forth in the amended answer.

In the case of *Venzie Corp.* v. *Riethmiller,* 103 Ohio App. 343, the Court of Appeals for Franklin County decided:

"Where a check is tendered in payment of a disputed claim, on the issue whether there has been an accord and satisfaction, it is immaterial whether the condition of payment is written on the check which is tendered or by a letter or other message or memorandum which is sent with the tendered payment, so long as it is clear to the offeree before acceptance that the payment is offered in full settlement of an unliquidated claim."

In the case at bar, the claim was not disputed and, most certainly, it cannot be said that it was clear to the hospital that the check sent was in full settlement of an unliquidated claim. Here, the hospital had full right to rely upon Florence Garrett's original promise to pay for

all services rendered to her mother. The debtor's declaration that her brother was to pay the major part of the obligation is certainly not binding upon the creditor.

Therefore, we conclude that there was neither a release of the liability of Florence Garrett nor an accord and satisfaction proved, that the judgment of the Municipal Court must be reversed, being against the weight of the evidence and contrary to law, and final judgment is rendered for the plaintiff as prayed for in its petition.

*Judgment reversed.*

HILDEBRANT and HESS, JJ., concur.