FIRST NATIONAL BANK & TRUST COMPANY, APPELLEE, *v.* FIREPROOF WAREHOUSE & STORAGE, APPELLANT.

(No. 82AP-549—Decided March 1, 1983.)

*Zacks, Luper & Wolinetz Co., L.P.A.,* and *Mr. Barry H. Wolinetz,* for appellee.
*Messrs. White, Rankin, Henry, Morse & Mann* and *Mr. Lewis A. Rankin,* for appellant.

WHITESIDE, P.J. Defendant, Fireproof Warehouse & Storage, appeals from a judgment of the Franklin County Municipal Court and raises two assignments of error, as follows:

"1. The court below erred in holding that appellant's answer did not sufficiently set forth accord and satisfaction as a defense.

"2. The trial court erred in determining that no accord and satisfaction occurred between appellee and appellant."

Plaintiff, First National Bank & Trust Company, is the assignee of Davis Heliarc Company and brought this action upon an alleged account owed by defendant. Davis Heliarc contracted with defendant to rework and reassemble used metal shelving furnished by defendant. Plaintiff presented no evidence as to the terms of the agreement, but defendant's agents testified that they had made arrangements through Davis Heliarc's employee, James Fouty, for reworking the used shelving, with compensation to be payment for labor at the rate of $18 per hour and with an estimate of the total cost being somewhere between $1,500 and $2,500 but in no event more than $2,500. Defendant's evidence also indicates that the billing was to be made weekly, which apparently was not done.

Although the action is upon an account, no evidence of an account was presented; instead, only a ledger sheet referring to an invoice of November 14, 1978, indicating labor of 375.6 hours at the hourly rate and material in the amount of $137.35 was introduced. Not only does the evidence indicate that the work commenced in early October, but it is obvious that the 375.6 labor hours were not performed on November 14. Plaintiff did present testimony of a former employee of Davis Heliarc that this number of hours was expended in performing the work but produced no account or records indicating a foundation for the ledger sheet, even though the evidence was clear that shipments were made at various times.

Plaintiff further presented testimony that the "job" consisted of "whatever

was written up on the sales order," but did not introduce the sales order into evidence. This witness, who was plant manager of Davis Heliarc at the time in question, testified that, after delivering between eight and ten completed racks, he talked on the telephone with some unidentified person holding some unknown position with defendant who inquired as to how much time had been spent on the job, and he indicated that approximately seventy-five percent of the time had been expended, but that "I am not sure of how many hours were on the estimate." In other words, there was no evidence of whether seventy-five percent consisted of ten hours or two hundred hours. Nor was there any evidence as to the cost for materials or any evidence of an agreement on the part of defendant to pay for the materials, defendant producing evidence that it furnished all materials. For whatever reason, Fouty, admittedly the agent of Davis Heliarc who directly dealt with defendant in this transaction, did not testify. The plant manager did testify that, during this telephone conversation with the unidentified person, he was instructed "to proceed on with the job" without further elucidation as to what this meant.

An invoice dated November 14, 1978, in the amount of $6,898.15 was sent to defendant, whose operations manager testified as to the arrangements made with Fouty, including a telephone conversation during the progress of the work, in which Fouty indicated that one hundred end pieces had been completed with charges to that point of $1,850, which indicated that the total cost would be no more than $2,500. He further testified that, upon receiving the invoice, he telephoned Fouty, who said, " 'Well, that's what we got in it.' " By letter dated December 8, 1978, the operations manager acknowledged receipt of the invoice, reviewed the understanding, noted that the shelving was not properly fabricated and concluded with the statement, "[t]herefore, we are enclosing a check in the amount of $2500 which we feel constitutes our fulfillment of our agreement with Mr. Fouty." The check was accepted and cashed by Davis Heliarc, apparently on December 13, 1978, without further comment until this action was brought by plaintiff as assignee of the account, more than twenty-seven months later, except for the filing of a purported mechanic's lien.

In rebuttal, plaintiff presented evidence that its plant manager had signed a letter dated December 12, 1978, presented to him by Fouty, who was also to sign the letter and mail it to defendant's operations manager, which letter makes no reference to receipt, acceptance or rejection of the $2,500 check but does indicate that the $6,898.15 invoice "must stay firm." Defendant's agents testified they never saw the letter, and there was no direct evidence that it was in fact mailed by Fouty.

Defendant's answer did not expressly refer to the defense of accord and satisfaction, although it denied owing any additional sum and stated that defendant "paid the plaintiff $2,500, which was the amount that he agreed to pay." However, during opening statement, defendant's counsel expressly raised the issue of accord and satisfaction. Evidence pertaining thereto was introduced without objection. Civ. R. 15(B) provides, in part, that:

"When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment. Failure to amend as provided herein does not affect the result of the trial of these issues. * * *"

Accordingly, for this reason and to this extent, the first assignment of error is well-taken. However, the issue of

whether there is prejudice resulting from the error must be determined by resolution of the second assignment of error, which raises the issue of whether or not the evidence adduced was sufficient to raise the defense of accord and satisfaction. Although the trial court indicated the issue to be a factual one, its conclusion was "the court finds that the check and letter in question do not constitute an accord and satisfaction," which would be a legal, rather than a factual, conclusion. The evidence is sufficient to raise the issue of accord and satisfaction, and the letter is sufficient in its entirety to apprise the recipient that it was defendant's intent that the payment be accepted as full settlement or not at all. Thus, the factual question before the trial court was whether or not Davis Heliarc accepted the payment with the same understanding with which it was tendered.

There is no evidence whatsoever indicating that Davis Heliarc did not understand that it was defendant's intent that the $2,500 payment be in full. Even in rebuttal when he identified the copy of the December 12 letter which he had signed, the plant manager of Davis Heliarc gave no indication that he did not understand that the tendered payment was not intended by defendant to constitute payment in full. Nor is there anything in that letter so indicating. Also, defendant's agents denied receiving the letter, and there is no direct evidence that Fouty ever mailed it. Furthermore, the mechanic's lien affidavit which Davis Heliarc filed in January 1979 claimed that the full original amount claimed of $6,898.15 was "justly and truly due" without credit being given for the $2,500 check cashed several weeks earlier, which is not consistent with consideration of the payment being made on the account, rather than tendered as payment in full.

Where a check is tendered as payment in full of a disputed claim, the creditor "* * * must accept the amount tendered upon the terms of the condition, unless the condition be waived, or he must reject it entirely * * *." *Seeds Grain & Hay Co.* v. *Conger* (1910), 83 Ohio St. 169, paragraph one of the syllabus. Furthermore, even if after cashing the check the creditor notifies the debtor that he does not intend to do other than place the amount paid to credit of the debtor, the cashing of the check tendered in full satisfaction of the debt constitutes an accord and satisfaction since silence by the debtor as to the creditor's claim does not constitute a waiver of the condition accompanying the tender of the check. *Seeds Grain & Hay Co., supra,* paragraph two of the syllabus. Indication that the check is tendered as payment in full need not necessarily be made on the check itself, it being sufficient that such statement is included with a letter accompanying the tendered payment by check. *Venzie Corp.* v. *Riethmiller* (1957), 103 Ohio App. 343 [3 O.O.2d 369]. See, also, R.C. 1303.18.

Accordingly, the trial court erred not only in finding that the issue of accord and satisfaction was not properly presented but also in finding that the check and letter in question are insufficient to constitute an accord and satisfaction even if accepted by Davis Heliarc. In other words, as we have noted, Davis Heliarc could not accept the payment other than in the manner in which it was tendered, cashing the check and advising that they still intended to collect the full amount being insufficient to avoid an accord and satisfaction. Accordingly, both assignments of error are well-taken.

For the foregoing reasons, both assignments of error are sustained, the judgment of the Franklin County Municipal Court is reversed, and this cause is remanded to that court with instructions to enter judgment for defendant.

*Judgment reversed*
*and cause remanded.*

REILLY and MCCORMAC, JJ., concur.