755 P.2d 61

**LOS ATREVIDOS, a New Mexico Limited Partnership, and L.E. Meyer Company, a New Mexico corporation, Plaintiffs–Counterdefendants–Appellees,**

v.

**PREFERRED RISK LIFE INSURANCE COMPANY,
Defendant–Counterclaimant–Appellant.**

**No. 17303.**

Supreme Court of New Mexico.

May 27, 1988.

White, Koch, Kelly & McCarthy, Kevin V. Reilly, Santa Fe, for defendant-counterclaimant-appellant.

Sommer, Udall & Hardwick, Kimball R. Udall, Santa Fe, for plaintiffs-counterdefendants-appellees.

OPINION

SCARBOROUGH, Chief Justice.

Los Atrevidos and L.E. Meyer brought suit against Preferred Risk for a declaratory judgment on an agreement to sell real estate. Preferred Risk appeals from an adverse judgment of the district court of Santa Fe County. We affirm.

Atrevidos, a New Mexico limited partnership, is the successor in interest on a deed of trust and a promissory note for the purchase of real property located in Durango, Colorado. Preferred, which held title to the property, is a Colorado corporation authorized to do business in New Mexico. Atrevidos sold its interest in the subject property to L.E. Meyer, a New Mexico corporation. Because it did not obtain prior approval for the transfer, thereby breaching the terms of the deed of trust, Atrevidos tendered a check to Preferred, that totalled $185,166.72 to cover the principal plus interest calculated per day through the date Preferred would receive the tender. Accordingly, Atrevidos requested the release of the deed of trust. Preferred refused the tender, returned the check, and demanded an additional five percent fee

pursuant to an allegedly enforceable pre-payment provision in the contract. Atrevidos retendered its earlier check, which Preferred again refused on the same condition. Again, Atrevidos retendered its earlier check, stating its unequivocal disagreement with Preferred's claimed right to the penalty. Preferred then cashed the check with a restrictive endorsement that stated, "All rights reserved by Preferred Risk Life Insurance Co.", and later informed Atrevidos by letter that it would not release the deed until additional amounts were paid, totalling $29,572.88 ($4,000 in interest, $18,-403.69 for the difference between the current loan rates and the amount payable under the note, and $9,201.05 for prepayment penalty). Both parties again restated their positions. This lawsuit ensued whereby Atrevidos requested the court to order release of the deed and Preferred counterclaimed for a declaration that the additional amounts were owing.

Atrevidos argues that it offered the check to Preferred with the condition that it was in full settlement of its debt, thus, Preferred's cashing the check amounted to an accord and satisfaction. Preferred does not argue that it was unaware of the condition Atrevidos placed on the tender, rather it argues that by placing a restrictive endorsement on the check, Preferred reserved its rights to demand further payment from Atrevidos.

The sole issue before our Court is whether the condition imposed by a debtor on an offer tendered in full satisfaction of the debt that is accepted by the creditor controls the transaction, or whether the creditor may alter the condition. We hold that when an offer is tendered with the condition that it is in full satisfaction of a debt, and the creditor accepts the offer, the condition controls the transaction, regardless of the creditor's attempt to alter the condition upon acceptance.

By agreement of the parties, Colorado law applies. We note that the Colorado law on accord and satisfaction does not differ from the general law on the subject. The principle of accord and satisfaction was well set forth by the Supreme Court of

Colorado in the case of *Pitts v. National Independent Fisheries Co.*, 71 Colo. 316, 206 P. 571, 34 A.L.R. 1033 (1922). There, the court stated:

> In order to constitute an accord and satisfaction, it is necessary that the money should be offered in full satisfaction of the demand, and be accompanied by such acts and declarations as amount to a condition that the money, if accepted, is accepted in satisfaction; and it must be such that the party to whom it is offered is bound to understand therefrom that, if he takes it, he takes it subject to such conditions.

*Id.* at 316, 206 P. at 571 (citing 1 C.J. *Accord and Satisfaction* § 80 (1914); *Board of Comm'rs of Rio Grande County v. Hobkirk*, 13 Colo.App. 180, 56 P. 993 (1899). This principle has not been altered by subsequent cases. *See Anderson v. Rosebrook*, 737 P.2d 417 (Colo.1987); *See also Warren v. New York Life Ins. Co.*, 40 N.M. 253, 261, 58 P.2d 1175, 1180 (1936).

■ Accord and satisfaction is not possible when the amount in question is liquidated. We agree with Preferred that a party cannot "unliquidate" an amount by filing a lawsuit. However, a liquidated amount is one determined by agreement of the parties or by operation of law. Black's Law Dictionary 838 (5th ed. 1979). The deed provision dealing with acceleration of the unpaid balance on default is ambiguous. The circumstances giving rise to the litigation appear not to have been contemplated by the parties. There is a dispute over the amount of the unpaid balance. When an amount is disputed, it is not liquidated. *See Stanley–Thompson Liquor Co. v. Southern Colorado Mercantile Co.*, 65 Colo. 587, 178 P. 577 (1919); *See also Frazier v. Ray*, 29 N.M. 121, 127, 219 P. 492, 495 (1923). We conclude that because the amount owed by Atrevidos was disputed, and therefore not liquidated, the acceptance of the payment constituted an accord and satisfaction.

We find no merit to Preferred's argument that the check from Atrevidos should have been noted "payment in full" in order to meet the legal requirements for accord

and satisfaction. The applicable law is clear that the test is whether "the party to whom * * * [the tender] is offered is bound to understand therefrom that, if he takes it, he takes it subject to such conditions." *Pitts*, 71 Colo. at 316, 206 P. at 571. The law does not require the tendered offer to be placed in a particular location or communicated in a particular manner, so long as the recipient understands its terms. *See First Nat'l Bank & Trust Co. v. Fireproof Warehouse & Storage*, 8 Ohio App.3d 253, 456 N.E.2d 1336 (1983). Here, Preferred clearly understood from the surrounding communications that Atrevidos was offering the payment in full satisfaction of its debt. Because Preferred knew of the condition, Atrevidos' notations on the check or lack thereof, were irrelevant.

■ The dispositive issue, as stated by Preferred, is whether "[t]he negotiation by Preferred Risk of this check in this manner clearly indicates Preferred Risk's intention not to accept the check in full payment and not to waive any of its rights." In essence, Preferred attempted to alter unilaterally the tendered condition by placing a restrictive endorsement on the check and then informing Atrevidos that additional amounts were owed. Preferred cites no authority for its position that such an alteration is legally binding on the offeror. We find the weight of authority to be to the contrary. Waiver of a tender condition is the prerogative of the debtor, and the debtor must clearly state that the condition is being waived. *See Hartline–Thomas, Inc. v. H.W. Ivey Constr. Co.*, 161 Ga.App. 91, 289 S.E.2d 296 (1982); *First Nat'l Bank & Trust Co. v. Fireproof Warehouse & Storage*, 8 Ohio App.3d 253, 456 N.E.2d 1336 (1983); 1 C.J.S. *Accord and Satisfaction* § 53 (1985). Because Atrevidos did not waive the condition, Preferred cannot now argue that the condition was in fact waived at the time the check was deposited. Thus, when Preferred deposited the check, it accepted the tendered offer and thus consummated an accord and satisfaction of Atrevidos' debt.

There being no merit to the argument that Atrevidos' debt was not fully discharged when Preferred deposited the check, we reinstate the trial court's declaratory judgment that Atrevidos' debt to Preferred is paid in full and order the release of the deed of trust.

IT IS SO ORDERED.

SOSA, Senior Justice, concurs.

RANSOM, J., specially concurs.

RANSOM, Justice (specially concurring).

I concur on separate grounds that the judgment of the trial court should be affirmed. Under the unambiguous language of the note and deed of trust *prepared by Preferred Risk*, no prepayment penalty applied to the principal and accrued interest owing in case of a conveyance to which Preferred Risk did not consent. I would not, however, support affirmance on the grounds of accord and satisfaction.

Principal and accrued interest were due promptly in the event of a conveyance to which Preferred Risk did not consent. That fact was not contested by either party. Only an obligation to pay a prepayment penalty was contested. An accord and satisfaction, like any other valid contract, requires a consideration. When Los Atrevidos paid the principal and accrued interest it was paying a liquidated amount, *and no more*, as and when required by the note, all according to the claim of Los Atrevidos. There was, therefore, no consideration for the accord and satisfaction which Los Atrevidos claims was created on the prepayment penalty issue. *See Clark Leasing Corp. v. White Sands Forest Prods., Inc.*, 87 N.M. 451, 535 P.2d 1077 (1975) (the payment by obligor of a liquidated sum he is already legally bound to pay is not a sufficient consideration for the promise of the obligee to accept payment in satisfaction of an unpaid balance that is in dispute). There is no showing that the law of Colorado applicable to this case is any different.

General statements of law supporting the majority opinion are readily available.

**220**

*See* 1 S. Williston, *A Treatise on the Law of Contracts* § 129 (Payment of Admitted Part of Unliquidated or Disputed Claim) (3d ed. 1957); 6 *Corbin on Contracts* § 1289 (Discharge of Unliquidated Claim by Performance of a Part that is Admittedly Due) (1962). However, a review of the cases does not reflect general recognition of accord and satisfaction where (1) the amount tendered by the obligor is a liquidated sum not in dispute, (2) no more than the undisputed sum is tendered by the obligor and no claim is foregone by the obligor, (3) it is only the liability of the obligor for a liquidated balance that is in dispute, and (4) the tendered sum is accepted under protest. These four criteria are present in the instant case. In my opinion, there is no consideration to support an accord and satisfaction under such circumstances.