[Cite as *Huntington Natl. Bank v. Rizzo*, 2019-Ohio-3994.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| THE HUNTINGTON NATIONAL BANK, | **:** | **O P I N I O N** |
| Plaintiff-Appellee, | **:** | |
| - vs - | **:** | **CASE NO. 2018-T-0065** |
| BRIAN J. RIZZO, et al., | **:** | |
| Defendant-Appellant. | **:** | |

Civil Appeal from the Trumbull County Court of Common Pleas, Case No. 2017 CV 00816.

Judgment: Affirmed.

*Melissa Whalen* and *Matthew Adam Taulbee*, Gerner & Kearns Co., LPA, 7900 Tanners Gate Lane, Florence, KY 41042 (For Plaintiff-Appellee).

*Brian J. Rizzo*, pro se, 867 Wilson Sharpsville Road, Cortland, OH 44410 (Defendant-Appellant).

THOMAS R. WRIGHT, P.J.

{¶1} Appellant, Brian J. Rizzo, appeals the judgment entry and decree in foreclosure in favor of appellee, Huntington National Bank. He contends the trial court erred in holding as a matter of law that he failed to establish the affirmative defense of accord and satisfaction We affirm.

{¶2} In September 2010, appellant purchased a residence on Wilson-Sharpsville Road in Cortland, Trumbull County, Ohio. In so doing, he executed a promissory note

and a mortgage.

{¶3} In October 2016, appellant defaulted on the loan by not making a required payment. Two months later, appellee sent appellant a letter stating its intent to accelerate the debt and foreclose on the loan. The letter further states that appellant could avoid these consequences by paying $3,052.16 by January 31, 2017.

{¶4} On January 23, 2017, appellant mailed a $450 money order to appellee. The money order states: "Full Satisfaction of Claim." Ten days later, on February 3, 2017, appellee via letter returned the check to appellant as insufficient.

{¶5} On February 15, 2017, appellee sent appellant an offer to modify the terms of the promissory note by lowering the amount of his monthly payment to $839.32. Two days later, appellant mailed a second money order to appellee, again in the amount of $450. Like the first money order, the second states "Full Satisfaction of Claim."

{¶6} Upon receipt, appellee put the second money order in a suspense account awaiting additional funds. None were received and appellee rescinded its offer to modify and returned the $450 placed in the suspense account to appellant on April 7, 2017.

{¶7} In May 2017, appellee filed the underlying foreclosure case.

{¶8} Appellant represented himself throughout the foreclosure case. In moving to dismiss appellee's complaint, he denied that he owed anything and asserted multiple defenses under Civ.R. 12(B). However, he did not raise the affirmative defense of accord and satisfaction in his initial pleadings.

{¶9} Ultimately, appellee moved for summary judgment on its claims, and presented unchallenged documentation establishing appellant's default.

{¶10} Appellant did not file a memorandum in opposition or challenge any of

2

appellee's assertions in its motion. Instead, appellant submitted a competing motion for summary judgment arguing accord and satisfaction. In support, he attached to his motion copies of the previously discussed money orders and letters.

{¶11} After appellee responded to appellant's motion, the trial court granted summary judgment in favor of appellee on the entire foreclosure complaint, the accord and satisfaction defense, and appellant's counterclaim.

{¶12} Three weeks later, the trial court entered judgment in appellee's favor for $108,748.96, and ordered that the property be sold by the Trumbull County Sheriff unless appellant exercised his right of redemption within five days.

{¶13} In appealing both entries, appellant asserts four assignments:

{¶14} "[1.] The trial court erred in granting judgment to plaintiff-appellee on its claim for breach of contract because there was an accord and satisfaction by statute and common law.

{¶15} "[2.] The trial court erred in failing to recognize defendant's affirmative defense that plaintiff breached the agreement in many material respects which is an affirmative defense to plaintiff's breach of contract claim and discharges defendant's obligation to make the remaining payments under the agreement.

{¶16} "[3.] The trial court erred because its findings were against the manifest weight of the evidence in holding for plaintiff on its claim and failing to apply defendant's affirmative defenses to plaintiff's claim.

{¶17} "[4.] Appellant was denied due process when the trial court passed retrospective laws interfering in appellant's right to contract violating the United States Constitution and Article 2, Section 28."

3

**{¶18}** Since appellant's first two assignments are closely related, they will be addressed together.  He contends the trial court erred in finding his evidentiary materials insufficient to establish accord and satisfaction.

**{¶19}** "'An accord and satisfaction is a method of discharging a contract or settling a cause of action arising either from a contract or tort, by substituting for such contract or cause of action an agreement for the satisfaction thereof an execution of such substituted agreement.' *Kirk Williams Co., Inc. v. Six Industries, Inc.*, 11 Ohio App.3d 152, 153, 463 N.E.2d 1266 (2d Dist.1983), citing *Chillicothe Hosp. v. Garrett*, 26 Ohio App.2d 277, 271 N.E.2d 313 (1st Dist.1971).  Further, '[a]n accord is a contract under which an obligee promises to accept a stated performance in satisfaction of the obligor's existing duty. Performance of the accord discharges the original duty.'  Restatement of the Law 2d, Contracts, Section 281(1), at 381-382 (1981)." *Smith v. E.S. Wagner Co.*, 2016-Ohio-8096, 74 N.E.3d 963, ¶ 65 (3rd Dist.).

**{¶20}** R.C. 1303.40 governs accord and satisfaction through submission of a written instrument:

**{¶21}** "If a person against whom a claim is asserted proves that that person in good faith tendered an instrument to the claimant as full satisfaction of the claim, that the amount of the claim was unliquidated or subject to a bona fide dispute, and that the claimant obtained payment of the instrument, all of the following apply:

**{¶22}** "(A) Unless division (B) of this section applies, the claim is discharged if the person against whom the claim is asserted proves that the instrument or an accompanying written communication contained a conspicuous statement to the effect that the instrument was tendered as full satisfaction of the claim.

4

{¶23} "(B) Subject to division (C) of this section, a claim is not discharged under division (A) of this section if either of the following applies:

{¶24} "* * *

{¶25} "**(2) The claimant, whether or not an organization, proves that within ninety days after payment of the instrument, the claimant tendered repayment of the amount of the instrument to the person against whom the claim is asserted.** * * *." (Emphasis added.)

{¶26} Applying accord and satisfaction, the Ohio Supreme Court held:

{¶27} "1. When an accord and satisfaction is pled by the defendant as an affirmative defense, the court's analysis must be divided into three distinct inquiries. First, the defendant must show that the parties went through a process of offer and acceptance–an accord. Second, the accord must have been carried out–a satisfaction. Third, if there was an accord and satisfaction, it must have been supported by consideration.

{¶28} "2. Two essential safeguards built into the doctrine of accord and satisfaction protect creditors or injured parties from overreaching debtors or tortfeasors: (1) there must be a good-faith dispute about the debt, and (2) the creditor must have reasonable notice that the check is intended to be in full satisfaction of the debt." *Allen v. R.G. Indus. Supply*, 66 Ohio St.3d 229, 611 N.E.2d 794 (1993), paragraphs one and two of the syllabus.

{¶29} It is undisputed that appellee returned both payments to appellant well within ninety days. Thus, as a matter of law, the debt he owed under the promissory note was not discharged. R.C. 1303.40(B).

5

**{¶30}** "Our review of a trial court's grant of summary judgment is de novo. *Grafton v. Ohio Edison Co.*, (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241. Pursuant to Civ.R. 56(C), summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. *Horton v. Harwick Chem. Corp.* (1995), 73 Ohio St.3d 679, 653 N.E.2d 1196, paragraph three of the syllabus; *Zivich v. Mentor Soccer Club* (1998), 82 Ohio St.3d 367, 369-370, 696 N.E.2d 201. The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264." *Parma v. Wielicki*, 8th Dist. Cuyahoga No. 96869, 211-Ohio-6291, ¶ 8.

**{¶31}** Appellant's first and second assignments lack merit.

**{¶32}** Under his next assignment, appellant argues that the trial court's decision on his affirmative defense is against the manifest weight of the evidence. As this case did not go to trial, this argument fails. The dispositional facts are not disputed. Appellee returned the money order or the amount of the money order within ninety days as previously discussed. His third assignment is without merit.

**{¶33}** Under his last assignment, appellant asserts the trial court violated his right to enter into a binding contract by "passing" or applying law retroactively. In support he cites general case law and constitutional provisions pertaining to retroactive application but does not demonstrate how this applies to the facts before us. Our review shows that the controlling law predates the underlying facts. Accordingly, appellant's fourth

6

assignment is without merit.

{¶34} The judgment of the Trumbull County Court of Common Pleas is affirmed.


MATT LYNCH, J.,

MARY JANE TRAPP, J.,

concur.