113; 34 Corpus Juris, 169, Section 382, and page 379, note 35; *Reher* v. *Reed,* 166 Cal., 525, 137 P., 263, 37 Ann. Cas. (1915 C), 737, note page 738; *Leahy* v. *Wayne Circuit Judge,* 144 Mich., 304, 107 N. W., 1060, 115 Am. St. Rep., 443; *Edenfield* v. *Seal Co., Inc.,* 74 Mont., 509, 241 P., 227; *Gutierrez* v. *Romero,* 24 Ariz., 382, 386, 210 P., 470.

The answer and cross-petition filed by the defendant in the instant case put in issue the substantive facts alleged by plaintiff in his petition, and stated in proper form an affirmative cause of action against the plaintiff, and, having been filed prior to the judgment sought to be taken by default, the court of common pleas erred to the prejudice of defendant in requiring the payment of costs as a condition precedent to the vacation of the judgment.

The judgment so entered is therefore reversed, and the cause remanded for further proceedings according to law.

*Judgment reversed and cause remanded.*

WILLIAMS and RICHARDS, JJ., concur.

CONNOLLY, TRUSTEE, *v.* THE NATIONAL SURETY CO.

(Decided July 18, 1929.)

*Messrs. Bolsinger & Black,* for plaintiff in error.
*Mr. Malcolm McAvoy,* for defendant in error.

Ross, J.   This case is here on error from the court
of common pleas of Hamilton county, Ohio, wherein
a judgment was rendered in favor of the National
Surety Company, defendant below.

The petition was originally filed by Clarence G.
McLaughlin, who brought suit against the National
Surety Company, alleging that the company, on or
about the 26th day of April, 1925, solicited him to
purchase a policy of credit insurance, insuring him
against loss in the sum of $15,000 from sales of lum-
ber shipped to customers; that he purchased said
policy of insurance from the company under the
authorized representation of its agent that such
policy would cover a specific customer, the Baker

Lumber Company, which the insurance company had authorized its agent to represent was listed in Bradstreet's Mercantile Agency with a sound rating, when, in fact, said Baker Lumber Company had no rating, and was insolvent; that the policy of insurance written by the surety company only covered customers rated in Bradstreet's Agency; that the Baker Lumber Company was unable to pay for said lumber, shipped to it by reason of said representations, and went into bankruptcy, causing plaintiff financial loss.

An answer was filed by the surety company in which it denied all the allegations of the petition covering representations made by the agent; and further denied that said agent was authorized to make such representations.

As a second defense, the answer alleged that an application was signed on April 22, 1925, by the plaintiff, covering the policy of insurance, and that said application contained the following provisions: "This application and said Policy, if issued, shall with the within conditions and stipulations, constitute the entire agreement between the undersigned and the National Surety Company, any verbal or written statement, promise or agreement, by any Agent of the said Company to the contrary notwithstanding. It is also agreed that this application, whether as respects anything contained therein or omitted therefrom, has been made, prepared and written by the applicant, or by his own proper agent."

The third defense of the answer was a general denial.

No reply was filed to this answer.

A demurrer was filed by the plaintiff to the second defense of the answer.

Nothing having been done in the case for some time, the defendant filed a motion to dismiss for failure to prosecute. Whereupon, an application was made to substitute the trustee in bankruptcy of the plaintiff below as plaintiff, the plaintiff below having subsequently become a bankrupt. Thereupon the court entered a judgment in which all of the several matters then pending in this cause were adjudicated. In this *one* judgment, the motion to dismiss the action filed by the defendant was overruled. The application to have the trustee substituted as party plaintiff was granted. It is further recited in the judgment that the substituted plaintiff having asked leave to have the demurrer, previously filed by the original plaintiff below, refiled on his behalf, the said application had been granted, and that the court on considering the demurrer overruled the same.

The judgment then recites as follows: "Thereupon counsel for said substituted plaintiff having stated to the court that he did not care to file any reply or to plead further it is therefore ordered and adjudged that this cause be and hereby is dismissed with prejudice at plaintiff's costs. To which judgment, the substituted plaintiff, Paul V. Connolly, excepts."

It is urged by the plaintiff in error, plaintiff below: First, that the demurrer should have been sustained; and, second, that the court committed error in rendering judgment in favor of the defendant.

As to the first assignment of error, we think the demurrer was properly overruled. The petition al-

leges that the application for the insurance was made on the 26th day of April, 1925. The second defense of the answer alleges that the application, containing the clause above quoted, was made on the 22d day of April, 1925. Under these respective allegations there could have been no merger of the representations of the agent into the application.

The second defense may or may not be a valid defense, according to the facts developed at the trial.

Coming to the second assignment of error, it is contended by the defendant in error that the judgment was correct, as the cause of action, being one in deceit, did not pass to the trustee in bankruptcy under the National Bankruptcy Act, Title 11, U. S. Code. The federal decisions do not support this contention. Such cause of action as is alleged in the petition is one affecting the property of the bankrupt, and passes to the trustee, and under the National Bankruptcy Act is not one wholly personal to him, as would be the case in assault and battery or slander. See *In re Gay* (D. C.), 182 F., 260. The case of *In re Harper* (D. C.), 175 F., 412, while based upon a New York statute, is, we think, nevertheless applicable.

The trustee therefore was properly substituted as a party plaintiff, and, after the overruling of the demurrer, the court was presented with the petition —which, even after the search of the record and consequent testing of the petition by the demurrer to the answer, still states a cause of action—and an answer containing three separate defenses, one of which was a general denial. While there was no reply filed to this answer, it might well be that the new matter alleged therein might not constitute a de-

fense if the plaintiff were able to prove, under his petition, facts rebutting its effect.

There was no motion for judgment on the pleadings, neither was the case submitted to the court for trial without a jury. Under such circumstances, there appears to be no warrant for the action of the court in arbitrarily, upon its own motion, dismissing the petition of the plaintiff with prejudice.

For these reasons, the judgment of the court of common pleas must be, and is, reversed, and the cause is remanded for a trial upon the pleadings.

*Judgment reversed and cause remanded.*

CUSHING, P. J., and HAMILTON, J., concur.