Williams, J.
 

 The first question is: Did the Court: of Appeals commit prejudicial error in entering final judgment for the defendant, Amino Products Company?
 

 The specific error which the Court of Appeals found was that the Court, of Common Pleas should have sustained defendant’s motion for a directed verdict made at the conclusion of all the evidence. The appellate court, relying upon
 
 Gholson
 
 v.
 
 Savin,
 
 137 Ohio St., 551, 562, 31 N. E. (2d), 858, based its judgment upon the determination that the evidence showed an accord and satisfaction as a matter of law in that the acceptance of the check for less than the amount of plaintiff’s claimed indebtedness upon condition that such-acceptance should constitute payment in full was a complete satisfaction and discharged the debt.
 

 In that case, a lesser sum was paid in satisfaction of a judgment and the judgment was released of record by an order of the court which recited the agreement of
 
 *27
 
 release and decreed satisfaction of the mortgage upon payment of costs by the judgment debtor. It was deemed that by the entry of satisfaction the judgment, except as to costs, was obliterated and could not be sued over or collected upon execution. This court held that what was done “was sufficient to constitute a complete pelease.” If the sixth paragraph of the syllabus in the
 
 Gholson case
 
 at first blush seems rather far-reaching when applied to a different factual situation, it should be Remembered that a syllabus must always be read in the light of the facts presented. .
 

 In the case of
 
 Seeds Grain & Hay Co.
 
 v.
 
 Conger,
 
 83 Ohio St., 169, 93 N. E., 892, 32 L. R. A. (N. S.), 380, which relates to the giving of a check for an amount less than the indebtedness in full satisfaction thereof, it is stated:
 

 “Generally, however, the law is applied differently in cases of liquidated and undisputed claims, the reason being, as sometimes stated, that the payor pays no more than he is clearly bound in law to pay and there is therefore
 
 no consideration
 
 for a release of the remainder of the obligation. But even in such a case, it has been held that when the parties have agreed in settlement of a bona fide dispute between them, that the lesser sum shall be received in satisfaction of the greater, it will be regarded as an accord and satisfaction.” (Italics ours.)
 

 The doctrine that the payment of a lesser sum in satisfaction of a liquidated and undisputed obligation for a greater amount presently or past due is not an accord and satisfaction is said.to stem from
 
 Pinnel's Case, 3
 
 Coke’s Reports (Part V, page 117a), 238, 77 Eng. Rep. R., 237, decided in 1602. Upon an examination of the authorities it appears that that doctrine now prevails in most jurisdictions in this country. A good review of the adjudicated cases may be found in the case of
 
 State
 
 v.
 
 Mass. Bonding & Ins. Co.,
 
 40 Del. (1
 
 *28
 
 Terry), 274, 9 A. (2d), 77. See, also,
 
 Clay
 
 v.
 
 Rossi,
 
 62 Idaho, —, 108 P. (2d), 506;
 
 Bellingham Securities Syndicate, Inc.,
 
 v.
 
 Bellingham Coal Mines, Inc.,
 
 13 Wash. (2d), —, 125 P. (2d), 668;
 
 Shawnee Sanitary Milk Co.
 
 v.
 
 Fulkerson’s Garage & Machine Shop,
 
 258 Ky., 639, 79 S. W. (2d), 229;
 
 Ortiz Oil Co.
 
 v.
 
 Geyer,
 
 138 Tex., 373, 159 S. W. (2d), 494;
 
 Aston
 
 v.
 
 Elkow,
 
 279 Mich., 232, 271 N. W., 742;
 
 Haynes Auto Repair Co.
 
 v.
 
 Wheels, Inc.,
 
 115 N. J. L., 447, 180 A., 836;
 
 Vilter Mfg. Co.
 
 v.
 
 Rolaff,
 
 110 P. (2d), 491;
 
 Browning
 
 v.
 
 Equitable Life Assurance Soc. of United States,
 
 94 Utah, 532, 72 P. (2d), 1060; annotation 34 A. L. R., 1035; annotation 119 A. L. R., 1123; 1 American Jurisprudence, 236, Section 39; 1 Corpus Juris Secundum, 498, Section 29.
 

 Our attention has been called to
 
 Rye
 
 v.
 
 Phillips,
 
 203 Minn., 567, 282 N. W., 459, 119 A. L. R., 1120, in which there is criticism of the well-grounded doctrine. An analysis thereof discloses that the question arose on plaintiff’s objection to the introduction of evidence by the defendant on the ground that the answer which pleaded an accord and satisfaction did not state a defense. The allegations of the answer clearly show that there was a consideration to support the agreement out of which the alleged accord and satisfaction arose. ' Thus through the authorities generally it is found that, where the payment of a lesser in full of a greater amount of indebtedness has been held to constitute an accord and satisfaction, the determination is based upon the presence of some consideration though it may be deemed slight. The consideration in the case of the settlement of an admittedly unliquidated claim or a claim disputed in good faith lies in the mutual concessions of the parties. So far as we are able to discover no court has ever made the express pronouncement that a mere
 
 nudum pactum
 
 affords a valid basis for an accord and satisfaction. As in any other
 
 *29
 
 contract all the essential elements of validity must be present.
 

 What is meant, then, when it is stated that an accord and satisfaction does not arise by the payment and acceptance of a lesser amount in full payment of a “liquidated and undisputed claim?” A liquidated claim is one that can be determined with exactness from che agreement between the parties or by arithmetical process or by the application of definite rules of law.
 
 State
 
 v.
 
 Mass. Bonding & Ins. Co., supra; Wood & Co.
 
 v.
 
 Sutton,
 
 177 Okla., 631, 61 P. (2d), 700, 701;
 
 Chicago, Milwaukee & St. Paul Ry. Co.
 
 v.
 
 Clark,
 
 178 U. S., 353, 372, 44 L. Ed., 1099, 20 S. Ct., 924;
 
 Gasper
 
 v.
 
 Mayer,
 
 171 Okla., 457, 43 P. (2d), 467. Moreover a liquidated claim may be disputed or undisputed. 1 Williston on Contracts (Rev. Ed.), Section 128. The amount due a plaintiff: may be fixed and certain and the dispute relate to a counterclaim or the defense of payment or some other defense that does not concern the amount of plaintiff’s claim. Yet if there is no counterclaim and no such defense and plaintiff’s claim is admitted by all parties to be liquidated, it is
 
 ipso facto
 
 undisputed as to the amount. On the other hand if there is a question of fact as to whether the plaintiff’s claim is liquidated with respect to its amount, the jury may find that the claim is liquidated and then, that there was such evidence of a dispute between the parties with respect to the amount due and owing on the claim as to establish the defense of accord and satisfaction.
 

 There is little difficulty in applying the established principles to the case at bar. In determining whether a motion for a directed verdict should be sustained the court considers only the evidence favorable to the party against whom the motion is'directed.
 
 Hamden Lodge
 
 v.
 
 Ohio Fuel Gas Co.,
 
 127 Ohio St., 469, 189 N. E., 246.
 

 
 *30
 
 Looking to the evidence of the plaintiff herein we find that an agreement was made with the defendant for two and one-half per cent commission on all future sales' to Chinese customers and that this contract though indefinite in duration was not terminated until after all orders on which the plaintiff bases his right of action were given by Woo to the defendant. Moreover, the amounts of the orders and shipments not being in controversy, the amount due and owing to plaintiff could readily and definitely be ascertained by arithmetical computation and so according to plaintiff’s testimony would be liquidated for the full amount claimed by him.
 

 The defendant’s evidence, however, warranted the inference that the commission of two and one-half per cent applied only to the second order which amounted to 100,000 pounds of amino salts. In addition there was conversation between the plaintiff and Marshall, the vice president, in which they entered into a dispute as to the amount due and owing to the plaintiff. However, on the witness stand Marshall admitted that he had made a previous statement to the effect that the two and one-half per bent commission would apply to any future business. Thus the question of a bona fide dispute would become one for the jury after it found that the claim was liquidated as contended by plaintiff.
 

 Here, then, is a conflict in the evidence as to whether the plaintiff’s claim was liquidated or unliquidated as to its amount. If the jury found that the claim was unliquidated plaintiff could not recover for in that event the acceptance of the check would constitute accord and satisfaction; but if the jury found that the claim was liquidated, it would be compelled to go further and determine whether there was a bona ’fide dispute as to the amount of plaintiff’s claim at the time the check was given. The debtor’s contention may turn out ultimately to be groundless in fact yet be so
 
 *31
 
 far tenable as to be tbe foundation of a bona fide dispute. If tbe jury finds that such a dispute existed, then tbe defense of accord and satisfaction is made out.
 

 Consequently tbe trial court properly overruled tbe motion for a directed verdict and tbe Court of Appeals erred in entering final judgment for the defendant.
 

 ' Nevertheless, counsel for tbe defendant Amino Products Company maintain that tbe trial court did commit reversible error in giving certain requests before argument and in charging tbe jury. A careful examination of tbe requests given and of tbe charge discloses that certain statements of law made by tbe trial judge, taken separately and alone, do not fully cover tbe issues in tbe case but we are of tbe opinion that tbe instructions as to tbe law when read together and considered as a whole are'not prejudicially erroneous. It is our judgment that substantial justice has been done and that there is no reversible error apparent on tbe face of tbe record- of proceedings in tbe trial court.
 

 For tbe reasons given tbe judgment of tbe Court of Appeals is reversed and that of-the Court of Common Pleas affirmed.
 

 Judgment reversed.
 

 Weygandt, C. J., Zimmerman and Turner, ,1,1., concur.
 

 Hart, J., concurs in paragraphs two and three of tbe syllabus but dissents from paragraph one and from tbe judgment.
 

 Matthias and Bell, JJ., not participating.