LIBERTY LOAN CORPORATION *v.* SCHMELZER ET AL.

(No. 427128—Decided May 10, 1976.)

Franklin County Municipal Court.

*Mr. William A. Semons*, for plaintiff.
*Mr. A. Millard Armstrong*, for defendants.

WEST, J.   The defendants, on November 5, 1973, entered into a loan contract with plaintiff for the principal amount of $1002.51 plus a loan charge of $385.66 and a credit life insurance premium of $25.97 or a total of $1414.14 payable in 36 monthly instalments.

Defendants defaulted and, on April 28, 1975, when the debt was practically uncollectible because defendant Gary Schmelzer was unemployed and receiving Social Security benefits, plaintiff prepared and had defendants sign an instrument which reads: "I, Gary and Donna Schmelzer, being indebted to Liberty Loan Corporation of Columbus in the amount of $500 under note 9862 dated 11/5/73 agree that the terms of said note be modified to require me to pay $5.00 per month, no late fees or interest will be taken out of my payments." Although the modification was prepared by plaintiff on plaintiff's letterhead, there was no space provided for a signature of anyone on behalf of plaintiff.

The defendants have made regular payments of $5.00 per month on the April 28, 1975 agreement, but plaintiff claims they are in default on the original note and owe a balance of $1258.15 for which amount this suit has been brought.

The position of plaintiff is that the modification of April 28, 1975 is without consideration and not binding as there was no dispute as to the amount due under the original note at the time the modification was signed by the defendants.

The acceptance of less than the amount presently or past due upon a liquidated and undisputed indebtedness in full payment thereof is not an accord and satisfaction. *Yin* v. *Amino Products Co.* (1943), 141 Ohio St. 21; *Pinnel's Case* (1602), 77 Eng. Rep. R. 237.

An interesting dissenting opinion by Judge Hart in the

*Yin* case points out that the rule or doctrine of "no consideration" attributed to Lord Coke in *Pinnel's Case* must be considered in the light of the later decision in *Bagge* v. *Slade,* 81 Eng. Rep. R. 137, wherein Lord Coke said : "* * * if a man be bound to another by a bill in 1000 pounds and he pays him 500 pounds in discharge of this bill, the which he accepts of accordingly, and doth upon this assume and promise to deliver up unto him his said bill of 1000 pounds this 500 pounds is no satisfaction of the 1000 pounds but yet this is good and sufficient to make a good promise, and upon a good consideration, because he hath paid mony(s) five hundred pound, and he hath no remedy for this again."

In this case there has not been a payment of and an acceptance of an amount smaller than that which was due. A new agreement was executed by the defendants, at the request of plaintiff calling for payment of a sum less than the amount due in smaller monthly instalments, and payments have been made by defendants in accordance with the terms of the new agreement thus relieving plaintiff of a collection problem on a past due item.

An agreement to modify a contract is binding if supported by a new consideration, and mutual promises to modify the terms of the contract are sufficient consideration for each other. In this case the agreement to modify the contract was made after a breach, and such agreement is in the nature of an accord.

The court finds, therefore, that defendants are entitled to judgment as to the plaintiff's complaint with costs taxed to plaintiff.

*Judgment for defendants.*