NORRIS, APPELLEE, *v.* ROYAL INDEMNITY COMPANY, APPELLANT.

(No. 48164—Decided August 20, 1984.)

*McCullough, Ward, Burney & Mills* and *Ronald H. Mills,* for appellee.

*Quandt, Giffels, Buck & Rodgers* and *Joseph R. Tira,* for appellant.

*Per Curiam.* The defendant-insurer seeks reversal of an adverse judgment following a nonjury trial on the plaintiff-insured's theft loss claim. The insurer argues that the trial court lacked jurisdiction over the case and erroneously rejected the insurer's defenses of contrac-

tual limitations and a release. These contentions lack merit, so we affirm.

On September 20, 1982, the plaintiff-insured, Gene Norris, suffered a theft loss from his residence in Cleveland. On November 17, 1982, the defendant-insurer, Royal Indemnity Company, paid plaintiff $4,855.20 pursuant to its homeowner's insurance policy for that residence. Plaintiff filed this action in the Berea Municipal Court Small Claims Division on November 18, 1983, for an allegedly unpaid balance of his theft loss. The court granted plaintiff judgment for $856.30.

## I

The insurer first contends that the Berea Municipal Court lacked jurisdiction to hear this case for a non-Berea claim against a non-Berea defendant. See R.C. 1901.19(D); *Santiago* v. *S.S. Kresge Co.* (C.P. 1976), 2 O.O. 3d 54.

However, the record fails to show that the defendant-insurer complained about the trial court's jurisdiction at any time in that court. The claimed defect concerns the court's territorial jurisdiction over defendant's person rather than its jurisdiction over the subject matter of this type of action. See R.C. 1901.17.

Despite liberal pleading practices in small claims cases, a defendant waives any objection to jurisdiction over the parties by not raising that issue seasonably. Cf. *Long* v. *Newhouse* (1897), 57 Ohio St. 348. A defendant cannot defend a claim on the merits without challenging jurisdiction, and then complain that the court lacked authority over its person. Cf. *Franklin* v. *Franklin* (1981), 5 Ohio App. 3d 74.

## II

The insurer next argues that the policy barred this suit for an alleged loss more than one year earlier. Such contractual limitations are valid and enforceable. *Colvin* v. *Globe American Casualty Co.* (1982), 69 Ohio St. 2d 293

[23 O.O.3d 281]; *Kelley* v. *Travelers Ins. Co.* (1983), 9 Ohio App. 3d 58.

An insurer's communications to its insured after a loss may waive the policy's time limit for suit or estop the insurer from relying on it. *Hounshell* v. *American States Ins. Co.* (1981), 67 Ohio St. 2d 427 [21 O.O.3d 267]. In this case, the court found that the insurer's adjuster consented to delay during plaintiff's pending domestic relations controversy to facilitate negotiations:

"1. Plaintiff was insured by the defendant regarding his house and covered for theft.

"2. A theft occurred and the plaintiff sustained loss.

"3. Plaintiff negotiated with the defendant and reached an agreed loss figure of $4281.50 for a certain list of stolen property, $500.00 for furs and jewelry and $930.00 for Capretto's bill. Defendant advised that under the policy it could pay only 80% or $3425.20 of the $4281.50 portion of the agreed loss, unless those specific items were later replaced within a 6 month period. Plaintiff advised that he was in the process of a divorce, requested more time for the replacement, and defendant's adjuster agreed to an indefinite time during which replacement could be made.

"4. Defendant paid plaintiff the sum of $4855.20 on November 17, 1982 which included the items listed in paragraph 3 less the 20% hold back.

"5. The theft occurred September 20, 1982, settlement was on November 17, 1982 and plaintiff replaced the stolen items with new items prior to October 1, 1983. Said replacement occurred within a reasonable time and within the period of the 'indefinite time' allowed in the settlement." Hence, the insurer waived its complaint about the two-month delay in plaintiff's suit.

Contrary to the insurer's argument, evidence about waiver and estoppel does not contravene the parol evidence rule for the interpretation of written docu-

ments. That rule proscribes evidence to vary the terms of a written agreement by showing prior or contemporaneous oral statements. It has no application to evidence about subsequent oral modifications of a written agreement or waiver of an agreement's terms by language or conduct. Cf. *Gerwin* v. *Clark* (1977), 50 Ohio App. 2d 331 [4 O.O.3d 283].

### III

Finally, the insurer complains that the court should have accepted its defense that plaintiff released the insurer by negotiating the insurer's original check. On the face of that check, the insurer completed a blank space describing the check as "In Payment For:

"THEFT OF PERSONAL PROPERTY OCCURRING AT 1115 W. 30 ST." On the back of the check, the following printed language appears:

"Endorsement by payee or payees is acknowledgement of full settlement, satisfaction, compromise and discharge of claims and demands of every nature and kind for loss, damage, injury and expense as set forth 'In Payment For' clause in the front hereof."

In some circumstances, such language could preclude any further recovery. Cf. *First Natl. Bank & Trust Co.* v. *Fireproof Warehouse & Storage* (1983), 8 Ohio App. 3d 253. However, the insurer apparently accepted its responsibility for this theft loss and its obligation to pay more than the proffered check. Payment of less than the full amount of an admitted debt which is not intended to compromise real issues does not discharge the debt. *Yin* v. *Amino Products Co.* (1943), 141 Ohio St. 21 [25 O.O. 136].

The statement of evidence pursuant to App. R. 9(C) adequately supports the court's findings of fact and conclusions of law. Those findings and conclusions fully support the judgment. The defendant-insurer's assigned errors are each overruled, and the trial court's judgment is affirmed.

*Judgment affirmed.*

MARKUS, P.J., NAHRA and ANN MCMANAMON, JJ., concur.