**AMERICAN GENERAL FINANCE, Appellant,**

v.

**BEEMER et al., Appellees.**

[Cite as *Am. Gen. Finance v. Beemer* (1991), 73 Ohio App.3d 684.]

Court of Appeals of Ohio,
Allen County.

No. 1–90–73.

Decided June 28, 1991.

*Hunt, Moritz & Chamberlain* and *F. Stephen Chamberlain,* for appellant.
*Matt C. Staley,* for appellees.

EVANS, Judge.

This is an appeal from a judgment of the Lima Municipal Court summarily dismissing a complaint filed by the appellant, American General Finance.

On October 6, 1989, plaintiff-appellant filed this action for collection on an installment contract for the purchase of a water treatment system for a personal residence. Scott and Deborah K. Beemer, appellees, had signed an installment contract, note, and security agreement with Federal Water Treatment, Inc. on July 27, 1988. The total contract price was $3,031.80, to be paid over a five-year period, in installments of $50.53 per month. The note was subsequently assigned to appellant, American General Finance.

After failing to receive payments from the Beemers for several months, American General filed its complaint alleging money due in the amount of $1,953.02 plus interest from January 1, 1989. At a pretrial hearing on July 11, 1990, appellees presented the judge with their copy of the original note, which bore a "paid" stamp per American General Finance. The trial judge ruled that the contract was, on its face, complete and satisfied; he denied the finance company any opportunity to present its evidence on the record.

Upon appellant's request, the court did allow a proffer of evidence, for purposes of appeal. American General thereupon asserted that it was prepared to offer evidence to prove that, on receipt of payment in full on a second account involving the Beemers, appellant's clerical employee mistakenly placed a "paid" stamp on the note for the water treatment system, and mailed it to the Beemers. Soon thereafter, the employee's manager discovered the error, and contacted the Beemers both by telephone and by mail, in an effort to rectify the mistake. Appellees contended that, since they had in their possession the "paid" note, they considered the debt extinguished. They made no further payments on the note, and this action was filed.

The trial court, at the pretrial hearing, applied the parol evidence rule to bar evidence of the appellant's clerical error, and issued the following ruling: "The finding of the Court is that the Defendant has the paid note and the contract and finds no cause of action on behalf of the Plaintiff."

The plaintiff, American General Finance, has appealed the judgment of the Lima Municipal Court, setting forth three assignments of error:

"I. The trial court committed an error prejudicial to the appellant when it granted a judgment to the appellee[s] on the basis of appellees' answer to complaint and upon the court seeing the original note marked 'Paid' with an ink stamp where there was no motion before the court for a judgment on the pleadings, a motion for summary judgment, a motion for directed verdict or a motion to dismiss for failure to state a claim upon which relief may be granted.

"II. The trial court erred when it granted a judgment to the appellees on the date of trial without granting the opportunity to the appellant to present its evidence and give it a full and fair opportunity to be heard by presenting its witnesses and exhibits on the record for the court's consideration, in violation of the appellant's right to due process of law.

"III. The trial court committed an error when it based its judgment for the appellees upon the premise that the appellant planned to introduce 'parol evidence to alter the effect of the original note marked "Paid" ' for the reason that such a premise is contrary to law as applied to the facts of this case."

■ Appellant's first two assignments of error will be combined for discussion, since they both address the issue of denial of due process, and are well taken. A review of the record convinces us that the appellant was denied its constitutional right to a fair and impartial hearing as a result of the trial court's misapplication of the parol evidence rule and subsequent dismissal of the complaint, *sua sponte*, absent any presentation on the record of a motion for a judgment on the pleadings.

The Ohio Constitution, Section 16, Article I, undeniably affords the parties in a civil case the right to due process of law, the "basic thrust" of the clause being a requirement for notice and an "opportunity to be heard." See *Ohio Valley Radiology Assoc., Inc. v. Ohio Valley Hosp. Assn.* (1986), 28 Ohio St.3d 118, 124–125, 502 N.E.2d 599, 604. Additionally, other cases in Ohio have held that unless notice and an opportunity for a fair hearing are given to opposing parties, a trial court has no authority to take action, *sua sponte,* prejudicial to the opposing party. See, *e.g., Rice v. Bethel Assoc., Inc.* (1987), 35 Ohio App.3d 133, 520 N.E.2d 26; *Connolly v. Natl. Sur. Co.* (1929), 35 Ohio App. 76, 171 N.E. 870. In *Rice,* the trial court vacated its judgment order dismissing the plaintiff's complaint with prejudice, without notice to the defendant, and without plaintiff's having filed a motion pursuant to Civ.R. 60(B). The court of appeals reversed the trial court on grounds that the Ohio Civil Rules and the due process afforded Ohio citizens under the state Constitution do not allow such practice. See *Rice,* 35 Ohio App.3d at 134, 520 N.E.2d at 27. In *Connolly,* the appellate court specifically stated that, absent a motion for judgment on the pleadings, there is no basis for the court to "arbitrarily, upon its own motion, dismiss[ ] the petition of the plaintiff with prejudice." *Connolly,* 35 Ohio App. at 81, 171 N.E. at 871. In light of the common law and the Ohio Constitution's requirement of due process, we believe that American General Finance, appellant in this case, was unfairly denied its right to a fair and impartial hearing on the issues raised in the trial court. Therefore, appellant's first two assignments of error are sustained.

 With its third assignment of error, appellant complains that the trial court erred in its application of the parol evidence rule to bar evidence of appellant's alleged mistake and appellees' subsequent refusal to perform the contract between the parties. The third assignment of error is also well taken. Authorities have asserted that the parol evidence rule is a rule not of evidence, but of substantive contract law, intended as an aid to judicial interpretation. See, *e.g.,* Farnsworth, Contracts (1982), Section 7.2; 9 Wigmore, Evidence (3 Ed. 1940), Section 2400. The rule is applied, in cases where a written contract appears to incorporate all relevant terms of the agreement, to bar the introduction of other matters discussed (either in writings or orally) by the parties *prior* to, or contemporaneous with, the execution of the final agreement. The rule thus gives effect to the intention of the parties that is evident on the face of the original contract. The parol evidence rule is not relevant in a case such as the one before us, where appellees appear to be claiming that the contract as written and accepted by the parties was *subsequently* altered by action on the part of appellant, *i.e.,* the placing of a "paid" stamp on the face of the original contract. See *Norris v. Royal Indemn. Co.* (1984), 20 Ohio App.3d 206, 207–208, 485 N.E.2d 754, 756. When

appellees, in their answer to appellant's complaint, set forth the affirmative defense of accord and satisfaction, appellant should have been permitted to present evidence that such an accord had never taken place. It is established law in Ohio that "the mere acceptance of a smaller sum than that which is actually due upon a contract, although it purports to be in full, cannot be said to be an accord and satisfaction." 15 Ohio Jurisprudence 3d (1979), Compromise, Accord, and Release, Section 28; see, also, *Yin v. Amino Products Co.* (1943), 141 Ohio St. 21, 46 N.E.2d 610; *Norris v. Royal Indemn. Co., supra.*

Accord and satisfaction is itself considered a contract, and where there has been no "meeting of the minds" or some additional element furnishing a new consideration, there is no accord and satisfaction. See *Yin,* 141 Ohio St. at 28–29, 46 N.E.2d at 613. There must also be a bona fide dispute between the parties as to the correct amount due on the original contract. The party urging such dispute must do so *in good faith,* and not, as here, where the defendants allegedly have been informed (and thus must be aware) that a mistake was made on the part of appellant's employee. Even though appellant's own carelessness may have caused appellees to believe their duty of performance was extinguished, in Ohio "[a] person who has conferred a benefit upon another by mistake is not precluded from maintaining an action for restitution by the fact that the mistake was due to his lack of care." (Footnote omitted.) 18 Ohio Jurisprudence 3d (1980) 305, Contracts, Section 364.

Based on the foregoing, this court finds that the appellant was denied its right to a fair hearing on the issues presented. The judgment of the Lima Municipal Court is hereby reversed, and the cause is remanded to that court for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

THOMAS F. BRYANT, P.J., and HADLEY, J., concur.