JOURNAL ENTRY and OPINION
{¶ 1} This court previously dismissed the appeal filed by plaintiff-appellant Raymond Bryant in this matter, but the cross-appeal filed by defendants-appellees, the Cuyahoga County Board of Commissioners and individual commissioners Jimmy Dimora, Peter Lawson Jones, and Timothy McCormack (collectively, the "county") remains pending and the county has filed a brief in support thereof. The county argues that the court erred by failing to grant it judgment on the pleadings on its counterclaim, and to declare Bryant to be a vexatious litigator within the meaning of R.C. 2323.52.
 {¶ 2} We find the common pleas court erred by granting judgment for Bryant on the county's counterclaim. Therefore, we reverse and remand for further proceedings on the counterclaim.
 Procedural History {¶ 3} In his complaint, Bryant contended that the county required him and other similarly situated security officers to obtain city firearms permits as a condition of employment although the relevant laws did not require them to do so. He asserted that the county's representations that firearms permits were required was "false and misleading" and deprived him of various benefits as a police officer. Among other relief, Bryant sought an injunction preventing the county from disciplining any affected security officers and requiring the county to reinstate him to his employment, plus damages.
 {¶ 4} The county answered the complaint and filed a counterclaim to have this action declared "frivolous conduct" and to have Bryant declared a vexatious litigator. In its counterclaim, the county asserted that this was the fourth action[1] filed by Bryant concerning the termination of his employment in August 1997 for dishonesty and failure of good behavior. The county asserted that this complaint constituted frivolous conduct and vexatious conduct, and that Bryant was a vexatious litigator within the meaning of R.C. 2323.52, and demanded attorney's fees and other reasonable expenses and a declaration that Bryant was a vexatious litigator.
 {¶ 5} The county filed a motion for judgment on the pleadings as to both the complaint and the counterclaim. The court granted the motion in part and denied it in part, holding that: "Defendants' * * * motion for judgment on the pleadings on plaintiff's complaint and on defendant's counterclaim Civ.R. 12(C) is granted and denied in part. Defendants' motion for judgment on the pleadings is granted as plaintiff's complaint fails to state a claim unpon [sic] which relief can be granted. Defendants' motion for judgment on the pleadings on its counterclaim to declare plaintiff a vexatious litigator is denied as plaintiff's conduct does not meet the requirements of a vexatious litigator as set forth in O.R.C. 2323.52. Court cost assessed to the plaintiff(s)."
 Law and Analysis {¶ 6} We review de novo the common pleas court's decision to grant judgment on the pleadings. Thomas v. Byrd-Bennett,
Cuyahoga App. No. 79930, 2001-Ohio-4160 (citing Drozeck v.Lawyers Title Ins. Co. (2000), 140 Ohio App.3d 816, 820). The determination of a motion for judgment on the pleadings is limited solely to the allegations in the pleadings and any writings attached to the pleadings. Peterson v. Teodosio
(1973), 34 Ohio St.2d 161, 165. "Under Civ.R. 12(C), dismissal is appropriate where a court (1) construes the material allegations in the complaint, with all reasonable inferences to be drawn therefrom, in favor of the nonmoving party as true, and (2) finds beyond doubt, that the plaintiff could prove no set of facts in support of his claim that would entitle him to relief." State exrel. Midwest Pride IV, Inc. v. Pontious (1996),75 Ohio St. 3d 565, 569, 664 N.E.2d 931.
 {¶ 7} Bryant's answer to the counterclaim denied the county's allegations that he engaged in frivolous and vexatious conduct and was a vexatious litigator. These denials created questions of fact which precluded the court from granting judgment on the pleadings to either party on the counterclaim. Without evidence, the court simply could not have determined, as it did, that "plaintiff's conduct does not meet the requirements of a vexatious litigator." Cf. Catalano v. Pisani (1999),134 Ohio App.3d 549. By the same token, however, the court also could not have determined that Bryant was a vexatious litigator as a matter of law. Thus, although we must reject the county's assertion that the court should have entered judgment in its favor, we nonetheless reverse the judgment in Bryant's favor on the counterclaim and remand for further proceedings on that counterclaim.
 {¶ 8} Furthermore, the common pleas court granted judgment on the pleadings in favor of a party who did not move for that relief. Due process demands that parties be afforded notice and an opportunity to be heard before judgment is entered against them. This basic rule of fairness precludes a court from dismissing a claim sua sponte. See American Gen. Fin. v. Beemer
(1991), 73 Ohio App.3d 684, 687. Even if the pleadings did not create questions of fact, the court still erred by granting judgment for the plaintiff on the counterclaim without a motion.
 {¶ 9} Accordingly, we reverse and remand for further proceedings on the county's counterclaim.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellants recover of said appellee their costs herein.
It is ordered that a special mandate be sent to the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, P.J. Concurs Corrigan, J. Dissents (See AttachedDissenting Opinion)
[1] The state Personnel Board of Review affirmed the order removing Bryant in March 1998, and Bryant did not appeal this decision.
In November 2000, Bryant filed an action to obtain public records pertaining to his former employment. He voluntarily dismissed this action in January 2001, and filed a petition for a writ of mandamus and a complaint for declaratory judgment and injunctive relief regarding his removal from employment. He also voluntarily dismissed this complaint as to the county on August 22, 2002, although claims against other defendants went forward.
On May 2, 2003, Bryant filed another complaint against the county. The county moved to dismiss this complaint for failure to state a claim. Bryant did not oppose the motion and the court granted it. Bryant then filed the present action on March 5, 2004.
 DISSENTING OPINION