DECISION AND JUDGMENT ENTRY
{¶ 1} Raymond and Deborah Fleming appeal the trial court's judgment denying their motion for attorney fees and litigation costs. They argue that the trial court deprived them of due process of law by finding that a settlement agreement that they entered into with a subcontractor that provided for attorney fees and litigation costs was collusive. The Flemings contend that the court failed to give them notice and an opportunity to be heard regarding the collusion issue. Because the trial court sua sponte found collusion and did not give the Flemings notice that it was considering collusion or an opportunity to defend against a collusion finding, the trial court deprived the Flemings of due process of law. Accordingly, we sustain the Flemings' first assignment of error and reverse and remand the trial court's judgment.
 {¶ 2} The Flemings also argue that the trial court erred by failing to award them attorney fees and litigation costs and by failing to apply the factors set forth in DR 2-106(b). Because our disposition of the Flemings' first assignment of error renders the remaining two assignments of error moot, we need not address them. See App.R. 12(A)(1)(c).
 {¶ 3} On March 27, 2001, the Flemings filed a complaint against Dana Johnson and D.J. Johnson Construction, Inc. ("Johnson"), among others, for damages they suffered arising out of the construction of their home. They alleged, inter alia, violation of the Consumer Sales Practices Act. The Flemings and Johnson subsequently entered into a settlement agreement.[1]
 {¶ 4} The Flemings later filed a motion for attorney fees and litigation costs. On July 14, 2005, the trial court denied the Flemings' motion. It stated:
"* * * * As was later revealed to the Court, the agreement between the parties was a collusive one in which the parties agreed to an amount of a judgment and the payment of attorney fees with the further agreement that no collection would be sought against the Defendants beyond what could be obtained from their insurance company. The agreement also provided that the Defendants would take no steps to assist the insurance company in its defense of the claims.
The Plaintiffs now seek an award from this Court of attorney fees. The Court has insisted that before it does so, that the real party in interest, the Defendants' insurance company, be made a party to this action. This has not occurred since the insurance company has denied coverage and refuses to appear or take any action in this case.
The claim of the Plaintiffs against the Defendants is related to the construction of a chimney. In their pretrial brief, the Plaintiffs indicated that the cost to repair the chimney was $8,000 and that the Plaintiffs expended $2,800 in temporary repairs to the chimney, for a total of $10,800. The total actual damages mentioned in the filed pretrial brief was $42,500. The Plaintiffs settled against the parties in this action for a total amount of almost $300,000 plus attorney fees. In their now completely uncontested pursuit of fees and expenses, the Plaintiffs ask the Court to approve one-third of the expenses in the amount of $12,470.94. Included in this amount is a charge for copies of $4,446.87! At a reasonable cost for copies that would be almost 18,000 pieces of paper. (The Court notes that there is a separate request for deposition costs.) The Plaintiffs ask the Court to approve their `loadstar' [sic] attorney fees of $13,145. In their push to insure that no one defend this action, the Plaintiffs have agreed to accept the requested fee and waive any enhancement of their `loadstar' [sic] provided the Defendants not assert that any downward adjustment is appropriate under DR 2-106(B) factors. DR 2-106(B) factors are those factors that are used to judge whether a fee is reasonable.
The Court finds that under these circumstances the award of attorney fees is unconscionable. The Court realizes that the purpose of consumer protection law is to protect consumers and that assuring that a consumer not have to pay for counsel will make possible the effective and diligent pursuit of claims otherwise not cost effective from counsel's perspective. However, the consumer protection act does not permit either counsel or this Court to ignore or bargain away the application of disciplinary rules or the appearance of impropriety. In short, this Court refuses to participate in enforcing an agreement which this Court believes to violate the very essence of the adversarial process."
 {¶ 5} The Flemings timely appealed the trial court's judgment and raise the following errors:
 {¶ 6} I. "THE LOWER COURT'S JUDGMENT DATED JULY 25, 2005 VIOLATED THE PARTIES' RIGHT TO PROCEDURAL DUE PROCESS."
 {¶ 7} II. "THE WASHINGTON COUNTY COMMON PLEAS COURT COMMITTED REVERSIBLE ERROR BY FAILING TO FIND THE FLEMINGS ENTITLED TO AN AWARD OF ATTORNEY FEES AND LITIGATION COSTS."
 {¶ 8} III. "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT FAILED TO CALCULATE A REASONABLE AWARD OF FEES AND COSTS BY APPLICATION OF THE DR 2-106(B) FACTORS, AND BY RELYING ON ALLEGED FACTS OUTSIDE THE RECORD TO DENY THE FLEMINGS' [SIC] AN AWARD OF THE AMOUNT OF FEES SO CALCULATED."
 {¶ 9} In their first assignment of error, the Flemings assert that the trial court's judgment deprived them of their right to procedural due process. They assert that the court improperly found that the parties engaged in collusion without providing them with notice or an opportunity to be heard on the issue.
 {¶ 10} "The United States Supreme Court has held that `[t]he fundamental requisite of due process of law is the opportunity to be heard.'" Ohio Valley Radiology Assoc., Inc. v. Ohio ValleyHosp. Assn. (1986), 28 Ohio St.3d 118, 124, 502 N.E.2d 599, quoting Grannis v. Ordean (1914), 234 U.S. 385, 394,34 S.Ct. 779, 58 L.Ed. 1363. Moreover, "[a]n elementary and fundamental requirement of due process in any proceeding * * * is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Id., quotingMullane v. Central Hanover Bank Trust Co. (1950),339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865. "[T]he `basic thrust' of the [due process] clause [is] a requirement for notice and an `opportunity to be heard.' * * * * [U]nless notice and an opportunity for a fair hearing are given to opposing parties, a trial court has no authority to take action, sua sponte, prejudicial to the opposing party." American Gen. Fin. v.Beemer (1991), 73 Ohio App.3d 684, 687, 598 N.E.2d 144
(citations omitted).
 {¶ 11} In the case at bar, the Flemings filed a request for attorney fees and litigation costs. None of the parties raised a collusion issue and nothing in the record suggests that it was an issue, until the trial court sua sponte found collusion. The court did not give the Flemings an opportunity to present a defense to a collusion finding, let alone notice that it was considering such a finding. Therefore, we must agree with the Flemings that the trial court deprived them of due process of law. Consequently, we sustain their first assignment of error.
 {¶ 12} Our disposition of the Flemings' first assignment of error renders their remaining two assignments of error moot and we need not address them. See App.R. 12(A)(1)(c).
Judgment Reversed and Remanded for Further ProceedingsConsistent with this Opinion.
[1] The agreement is not part of the trial court record. Although the Flemings have attached a copy of it to their appellate brief, we may not consider it. See App.R. 9.