[Cite as *Rogers v. Logan Cty. Health Dist.*, 2018-Ohio-893.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## LOGAN COUNTY

JANICE ROGERS,

    APPELLANT,

    v.

LOGAN COUNTY HEALTH DISTRICT,

    APPELLEE.

CASE NO. 8-17-16

O P I N I O N

Appeal from Logan County Common Pleas Court
Trial Court No. CV-16-11-0350

Judgment Affirmed

Date of Decision: March 12, 2018

APPEARANCES:

    *Janice Rogers,* Appellant

    *Sarah J. Warren* for Appellee

**WILLAMOWKSI, P.J.**

{¶1} Plaintiff-appellant Janice Rogers ("Rogers") appeals the judgment of the Logan County Court of Common Pleas for affirming the decision of the Logan County Health District ("LCHD") to demolish a vacant trailer on her property. For the reasons set forth below, the judgment of the lower court is affirmed.

*Facts and Procedural History*

{¶2} A vacant trailer stands on a piece of property that is owned by Rogers. Doc. 44. In 2016, the Logan County Board of Trustees ("the trustees") initiated a process to condemn and demolish this trailer. *Id*. Rogers did not abate the nuisance by October 5, 2016. Doc. 33. On October 5, 2016, the LCHD issued a citation to Rogers. Doc. 44. On November 2, 2016, Rogers attended a meeting on this matter held by the LCHD, though she arrived towards the conclusion of the hearing. *Id*. After the hearing, the LCHD authorized the trustees to remove the structure. Doc. 1, 4, 33. On November 30, 2016, Rogers appealed the decision of the LCHD to the Logan County Court of Common Pleas. Doc. 1.

{¶3} On January 24, 2017, Rogers requested a continuance to give her the opportunity to retain counsel. Doc. 13. The lower court granted a continuance, but Rogers did not obtain counsel and represented herself throughout this process. Doc. 17, 35. On April 3, 2017, the lower court scheduled the final hearing on this matter for May 8, 2017. Doc. 29. The scheduling order required the parties to submit a pre-hearing brief by May 1, 2017. *Id*. On May 4, 2017, Rogers filed several

motions, including a motion requesting mediation.  Doc. 34, 35, 36, 37.  The lower

court denied all of these motions.  Doc. 39.

{¶4} On May 7, 2017, Rogers informed the lower court that she would not

be able to appear for the hearing on May 8, 2017.  Doc. 40.  The lower court issued

a notice of intent to dismiss, which noted that Rogers had not yet submitted a pre-

hearing brief and rescheduled the hearing for May 22, 2017.  Doc. 44.  After the

hearing, the lower court affirmed the decision of the LCHD.  *Id*.  The appellant filed

her notice of appeal raises the following assignments of error:

### First Assignment of Error

**Judge is biased or prejudiced against this party from a previous case.  Judge must be fair and impartial.**

### Second Assignment of Error

**Judge not competent.**

### Third Assignment of Error

**Judge did not permit presentation of Logan County Board of Health testimony.**

### Fourth Assignment of Error

**Judge refused request of mediation.**

### Fifth Assignment of Error

**Judge refused to rule on motion to dismiss.**

### Sixth Assignment of Error

**Judge refused to answer questions regarding procedures.**

**Seventh Assignment of Error**

**Entitled to legal counsel.**

**Eighth Assignment of Error**

**Not accorded due process of the law.**

We will consider the assignments of error in the order in which they were presented in the appellant's brief.

*First Assignment of Error*

{¶5} In her first assignment of error, Rogers claims that the judge was biased against her and should have been disqualified. Under Ohio law, "only the Chief Justice or his designee may hear disqualification matters * * *." *Holloway v. Holloway Sportswear, Inc.*, 3d Dist. Shelby Nos. 17-98-20, 17-2000-18, 2001 WL 633792, *4 (June 7, 2001). For this reason, appellate courts do not have jurisdiction to vacate a lower court's decision on the basis of judicial bias. *Tretola v. Tretola*, 3d Dist. Logan No. 8-14-24, 2015-Ohio-1999, ¶ 11. *See* R.C. 2701.03. Since we do not have jurisdiction over this matter, Rogers's first assignment of error is overruled. *Beer v. Griffith*, 54 Ohio St.2d 440, 441-442, 377 N.E.2d 775 (1978).

*Second Assignment of Error*

{¶6} In her second assignment of error, Rogers merely asserts that the judge was incompetent because, in its judgment entry, the lower court stated that her trailer was located in Richland Township instead of Washington Township. In law, the

word "incompetent" has a specific meaning and suggests that a person has a "[l]ack of legal ability." Black's Law Dictionary (10th Ed.2014). "Minor clerical errors * * * are not significant and only rise to the level of harmless error." *In re Brady*, 8th Dist. Cuyahoga Nos. 84517 and 84743, 2005-Ohio-287, ¶ 9. The minor clerical error identified by Rogers is harmless as this error in no way affected the outcome of this case. *Strayer v. Augsburger*, 3d Dist. Allen No. 1-90-66, 1991 WL 1045343, *2 (June 11, 1991). Further, this clerical error does not suggest, in any way, that the judge was incompetent to adjudicate this case. For this reason, Rogers's second assignment of error is overruled.

*Third Assignment of Error*

**{¶7}** In her third assignment of error, Rogers asserts that the LCHD was required to submit a transcript of the hearing of her case. In an appeal of a final order issued by an agency or political subdivision, the

> **body from which the appeal is taken * * * shall prepare and file in the court to which the appeal is taken, a complete transcript of all the original papers, testimony, and evidence offered, heard, and taken into consideration in issuing the final order * * *.**

R.C. 2506.02. R.C. 2506.03(B) states, in its relevant part, that "the court shall hear the appeal upon the transcript and additional evidence as *may* be introduced by any party." (Emphasis added.) R.C. 2506.03(B).

**{¶8}** The LCHD submitted the minutes of the hearing in which the merits of Rogers's case were heard. Doc. 33. Thus, the lower court heard this matter on the

basis of the record that was preserved from the LCHD hearing. Under R.C. 2506.03(B), the LCHD had the option to introduce additional testimony before the lower court but was not required to do so. For this reason, Rogers's argument does not have any merit. Thus, her third assignment of error is overruled.

*Fourth Assignment of Error*

{¶9} In her fourth assignment of error, Rogers argues that the lower court erred by refusing her request for mediation. A "trial court has the inherent authority to control its docket." *Dennis v. Morgan*, 3d Dist. Marion No. 9-02-09, 2002-Ohio-2198, ¶ 4. "[I]t is generally within the discretion of the trial judge to promote and encourage settlements to prevent litigation." *Rulli v. Fan Co.*, 79 Ohio St.3d 374, 376, 683 N.E.2d 337, 338 (1997). "Mediation is not a required step in the trial process." *Bank of Am. v. Litteral*, 191 Ohio App.3d 303, 2010-Ohio-5884, 945 N.E.2d 1114, ¶ 20 (2d Dist.). Under Loc.R. 24.2(B), "a case may be ordered to mediation at the discretion of the assigned judge." Loc.R. 24.2(B) of the Court of Common Pleas of Logan County, General Division. An abuse of discretion is not merely an error in judgment; rather, to constitute an abuse of discretion, the trial court's decision must be unreasonable, arbitrary, or capricious. *Schroeder v. Niese*, 2016-Ohio-8397, 78 N.E.3d 339, ¶ 7 (3d Dist.).

{¶10} Pursuant to Loc.R. 22(C), the lower court issued a scheduling order on April 3, 2017, that set the hearing for May 8, 2017. Doc. 29. On May 4, 2017—four days before the hearing—Rogers filed a request for mediation. Doc. 36. The

lower court denied this motion, finding the motion to be untimely. Doc. 39. We find no indication that the lower court abused its discretion in denying a motion requesting mediation that was submitted four days before the hearing. We also note that Rogers does not cite any legal authority in support of her position. *U.S. Bank Nat. Assn. v. Morales*, 11th Dist. Portage No. 2009-P-0012, 2009-Ohio-5635, ¶ 23. Thus, her fourth assignment of error is overruled.

### Fifth Assignment of Error

{**¶11**} In her fifth assignment of error, Rogers claims that the lower court refused to rule on a motion to dismiss that she submitted to the lower court. After a review of the record, we find that the lower court ruled on all of the motions that Rogers submitted to the lower court. Doc. 4, 9, 13, 17, 23, 31, 34, 35, 36, 37, 39, 44. Thus, the lower court did not commit error by failing to rule on one of Rogers's motions. For this reason, her fifth assignment of error is overruled.

### Sixth Assignment of Error

{**¶12**} In her sixth assignment of error, the appellant asserts that the judge refused to answer her procedural questions. At a hearing, the judge informed her that "we can't give you legal advice." Tr. 3. The context of this statement shows that the judge was discussing her status as a pro se litigant. Tr. 3. "Pro se civil litigants are bound by the same rules and procedures as those litigants who retain counsel. They are not to be accorded greater rights and must accept the results of their own mistakes and errors." *Meyers v. First Nat. Bank of Cincinnati*, 3 Ohio

App.3d 209, 210, 444 N.E.2d 412, 412 (1st Dist.1981). Further, a "trial court is an impartial arbiter who cannot provide legal advice to parties." *Ransom v. Aldi, Inc.*, 2017-Ohio-6993, --- N.E.3d ---, ¶ 39 (2d Dist.). The judge's statement was consistent with Ohio law. He was merely informing Rogers that he was not free, as judge, to direct her case for her. In so acting, the judge did not commit error. Thus, Rogers's sixth assignment of error is overruled.

*Seventh Assignment of Error*

**{¶13}** In her seventh assignment of error, Rogers argues that she was entitled to legal counsel. We find this argument to be unpersuasive for two reasons. First, she was not entitled to appointed counsel in this action. "While the Fifth Amendment to the United States Constitution, as applied to the states by the Fourteenth Amendment, guarantees the right to be represented by counsel in criminal proceedings, litigants have no generalized right to appointed counsel in civil actions." *Graham v. City of Findlay Police Dept.*, 3d Dist. Hancock No. 5-01-32, 2002 WL 418969, *2 (Mar. 19, 2002). Further, "a trial judge has no authority to order a party to retain legal counsel." *Svoboda v. City of Brunswick*, 6 Ohio St.3d 348, 349, 453 N.E.2d 648, 650 (1983). In this action, Rogers was not at risk of receiving a penalty that came with the potential for a loss of physical liberty through actual imprisonment. *Liming v. Damos*, 133 Ohio St.3d 509, 2012-Ohio-4783, 979 N.E.2d 297, ¶ 26-27. Thus, the lower court did not have a duty to appoint counsel for Rogers.

{¶14} Second, the lower court did not improperly deny her the opportunity to retain counsel by choosing not to grant the third motion for a continuance that she submitted to the lower court.

> **In evaluating a motion for a continuance, a court should note, inter alia: the length of the delay requested; whether other continuances have been requested and received; the inconvenience to litigants, witnesses, opposing counsel and the court; whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; whether the defendant contributed to the circumstance which gives rise to the request for a continuance; and other relevant factors, depending on the unique facts of each case.**

*State v. Unger*, 67 Ohio St.2d 65, 67, 423 N.E.2d 1078 (1981).

{¶15} In this case, the lower court granted Rogers's first motion for a continuance, which was submitted on January 24, 2017. Doc. 13, 17. The lower court then granted Roger's second motion for a continuance, which stated that she needed more time to obtain counsel. Doc. 21, 23. On May 4, 2017—four days before the final hearing on this matter—Rogers submitted her third motion for a continuance, requesting more time to obtain counsel. Doc. 35. The lower court denied this motion. Doc. 39.

{¶16} At this point, the lower court had already granted two continuances to Rogers. After both of these continuances, Rogers failed to retain counsel. After it granted Rogers second continuance, the lower court informed Rogers that she would have to proceed pro se if she did not retain counsel prior to the final hearing. Doc. 39. Rogers's third continuance was submitted four days before the scheduled final

hearing on this matter and three days after her pre-hearing brief was supposed to have been filed. Finally, while the lower court denied Rogers's third motion for a continuance, it still moved the final hearing from May 8 to May 22 to give Rogers additional time to file her pre-hearing brief even though the deadline for filing this brief had passed. Doc. 40. Under these circumstances, we do not find that the lower court abused its discretion in denying Rogers's motion for a continuance. *Nance v. Nance*, 4th Dist. Pike No. 95CA553, 1996 WL 104741, \*4 (March 6, 1996). For these reasons, Roger's seventh assignment of error is overruled.

*Eighth Assignment of Error*

{¶17} In her eighth assignment of error, Rogers argues that she was denied due process. "The Ohio Constitution, Section 16, Article I, undeniably affords the parties in a civil case the right to due process of law." *Am. Gen. Finance v. Beemer*, 73 Ohio App.3d 684, 686, 598 N.E.2d 144, 145 (3d Dist.1991). "The fundamental requisites of due process of law in any proceeding are notice and the opportunity to be heard." *In re B.C.*, 141 Ohio St.3d 55, 2014-Ohio-4558, 21 N.E.3d 308, ¶ 17, quoting *Armstrong v. Manzo*, 380 U.S. 545, 550, 85 S.Ct. 1187, 14 L.Ed.2d 62 (1965).

> **R.C. 3707.01 charges boards of health of cities or general health districts with the obligation of 'abat[ing] and remov[ing] all nuisances within its jurisdiction,' granting such boards the authority to 'regulate the location, construction, and repair \* \* \* of yards, pens, and stables, and of water closets, privies, cesspools, sinks, plumbing and drains.'**

*Bishop v. Nelson Ledges Quarry Park, Ltd.*, 11th Dist. Portage No. 2004-P-0008, 2005-Ohio-2656, ¶ 38, quoting R.C. 3707.01. In this process, the "proper procedures must be followed under R.C. 3707.02." *Summit Cty. Bd. of Health v. Pearson*, 9th Dist. Summit No. 22194, 2005-Ohio-2964, ¶ 14.

{¶18} The record shows that the LCHD complied with all of the notice and hearing requirements in R.C. 3707.01. Doc. 33. Further, the appellant has not demonstrated how her due process rights were violated. She appeared at the LCHD hearing; had the opportunity to appeal the decision of the LCHD; and appeared at three hearings before the lower court. The judge even allowed her the opportunity to file her pre-hearing memorandum late. Tr. 4. Doc. 40, 42. After examining the record, we do not find that the appellant's due process rights were violated. Therefore, Rogers's eighth assignment of error is overruled.

*Conclusion*

{¶19} Having found no error prejudicial to the appellant in the particulars assigned and argued, the judgment of the Logan County Court of Common Pleas is affirmed.

*Judgment Affirmed*

**ZIMMERMAN and PRESTON, J.J., concur.**

**/hls**