OPINION AND JUDGMENT ENTRY
This case was instituted as a foreclosure action on property owned by appellants/cross-appellees, Paul E. Hammersmith and Diane M. Hammersmith, and cross-appellant, appellee, Deborah M. Ward, now known as Deborah M. Lake ("Deborah Ward"). After satisfying the debt owed to the mortgage holder, National City Bank ("NCB"), the Erie County Court of Common Pleas distributed the funds remaining from a sheriff's sale of the property between the Hammersmiths and Deborah Ward. Paul and Diane Hammersmith appeal and set forth the following assignment of error:
"THE TRIAL COURT ERRED AS A MATTER OF LAW
 IN PAYING APPELLEE'S PERSONAL DEBTS FROM PARTNERSHIP PROPERTY."
Deborah Ward cross-appeals and assigns the following as error in the proceedings below:
"I. THE TRIAL COURT ERRED AS A MATTER OF
 LAW WHEN IT FOUND THAT A PARTNERSHIP EXISTED BETWEEN THE APPELLANT AND APPELLEE AT THE TIME OF THE FORCED SALE.
 "II. THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT ORDERED A DISTRIBUTION WHICH AWARDED APPELLANTS AN IMPROPER SHARE OF THE FORECLOSURE PROCEEDS."
In April 1990, Timothy J. Ward and Deborah M. Ward, husband and wife; Paul E. Hammersmith and Diane M. Hammersmith, husband and wife; and David C. Schlessman and Mary K. Schlessman, husband and wife, purchased forty acres of land described as "being a parcel of land in part of Sublots 7, 8 and 9, Section 1, Milan Township, Erie County Ohio." ("Parcel Nos. 3, 4 and 5[1]"). The purpose of the purchase was to develop the land. The parties paid for the property by obtaining a $160,000 mortgage on the land from NCB. All six owners of the property are identified as mortgagors in the mortgage agreement and each signed the mortgage agreement.
Prior to the joint purchase of the property by the three couples, Timothy J. Ward and Deborah M. Ward, dba Kelly Builders, obtained mortgages from NCB on Parcel Nos. 1 and 2 in Sublots 7 and 8, Section 1, Milan Township, Erie County, Ohio. The mortgage on Parcel No. 1, dated July 18, 1988, was $27,000. The Parcel No. 2 mortgage, dated April 14, 1989, was in the amount of $23,000.
Apparently, each of the three couples paid some share of the interest on the mortgage until March 1995. At that point, David and Mary Schlessman deeded their interest in Parcel Nos. 3, 4 and 5 to Timothy and Deborah Ward. According to the testimony of Paul Hammersmith, however, he and his wife then paid forty-nine percent of the interest payments to NCB until they were released by the bank from any further obligation. Nevertheless, Hammersmith failed to offer any documentary evidence of these payments or evidence of the period of time that the payments were made.
On November 21, 1995, NCB filed a complaint seeking foreclosure on Parcel Nos. 1, 2, 3, 4 and 5. At the time this action was commenced, NCB had a judgment lien issued on Parcel No. 1 in the amount of $8,038.60, plus interest and costs; a judgment lien in the amount of $15,967.18, plus interest and costs, on Parcel No. 2; and a judgment lien on Parcel Nos. 3, 4 and 5 in the amount of $49,788.39, plus interest and costs. Deborah Ward answered the complaint, indicating that she and Timothy Ward were presently involved in a divorce proceeding and that, per court order, Timothy Ward was responsible for mortgage payments. In their answer, Paul and Diane Hammersmith admitted having an interest in Parcel Nos. 3, 4 and 5, but they denied all other allegations in the complaint.
A default judgment was entered against Timothy Ward. At some point during the proceedings below, it is undisputed that Timothy Ward deeded his interest in Parcel Nos. 3, 4 and 5 to Deborah Ward. NCB filed a motion for summary judgment, attaching the affidavit of a bank officer that enumerated the mortgages on the subject properties and subsequent judgments on these mortgages. The trial court granted the motion for summary judgment and ordered a sheriff's sale of the parcels. The sale was delayed due to Timothy Ward's bankruptcy petition. It appears from the record of this case, that Timothy and Deborah Ward agreed to a private sale of Parcel Nos. 1 and 2 and that the proceeds of this sale were applied to amounts owed on these parcels, as well as other business debts.
After Timothy Ward's bankruptcy petition was dismissed, the trial court ordered the sheriff to sell Parcel Nos. 3, 4 and 5. The three parcels sold for a total of $136,500. In her judgment entry confirming the sale and distributing the proceeds, the trial court deducted the costs of the sale, $4,362.31 and ordered that $80,005.31 be paid to NCB in satisfaction of all liens. Even though Deborah Ward argued that she was entitled to two-thirds of the remaining funds, the trial court held:
 "The Court additionally finds that the Defendants, Paul and Diane Hammersmith, have forty-nine percent (49%) interest in the partnership existing with respect to the proceeds held by the Erie county Sheriff and that Defendant, Deborah Ward, nka Lake, has a fifty-one percent (51%) interest in the partnership existing with respect to the proceeds held by the Erie County Sheriff."
Based on this finding, the court ordered the Erie County Sheriff to distribute $25,544.87 to Paul and Diane Hammersmith and $26,587.51 to Deborah Ward.
Because our disposition of appellee/cross-appellant's first cross-assignment of error is determinative of the fraction of the proceeds distributed to each of the parties, we shall initially address Deborah Ward's cross-appeal.
In her first assignment of error, Deborah Ward contends that the trial court erred as a matter of law in determining that a partnership existed between the co-owners of Parcel Nos. 3, 4 and 5. The Hammersmiths assert that Ward cannot raise this issue for the first time on appeal, and that, even if properly raised, Ward asks this court to apply the wrong standard of review.
The Hammersmiths never alleged, in any of their pleadings, that they, the Schlessmans and the Wards formed a partnership or that Parcel Nos. 3, 4 and 5 were a partnership asset. Nevertheless, trial counsel for Paul and Diane Hammersmith used the term "partner" several times during the hearing on this matter and, during his closing argument, insisted that this was a partnership. Citing the Ohio Uniform Partnership Act, specifically, R.C. 1775.09, which deals with the conveyance of partnership property, counsel argued that the title to the property did not control the division of the profit made from the sale of the parcels. Rather, counsel maintained that the alleged "partnership interest" of forty-nine percent/fifty-one percent should control the distribution of the proceeds.
In reply, Ward's trial counsel stated that he was not sure this was a partnership and argued that the evidence failed to support the Hammersmiths' assertions. He contended that the "only substantive evidence" of ownership of the parcels were testimony and deeds revealing that this was a "two thirds/one third" ownership of the property. However, without any analysis whatsoever, the trial court deemed the business transaction in this case a "partnership" and awarded the Hammersmiths a forty-nine percent interest in the sale proceeds. Considering the arguments raised below and the trial court's judgment, we conclude that the issue was raised and, in fact, decided by the trial court. We shall, therefore, consider this assignment of error.
As to the standard of review, the determination of the existence of a partnership is a factual determination; therefore, the trial court will not be reversed if there is some competent, credible evidence going to all the essential elements of the case.Security Pacific Nat'l. Bank v. Roulette (1986), 24 Ohio St.3d 17,20; C. E. Morris Co. v. Foley Construction Co. (1978), 54 Ohio St.2d 279, syllabus.
R.C. 1775.05(A) defines a "partnership" as "an association of two or more persons to carry on as co-owners a business for profit." Although there is no bright line rule to use in determining the existence of a partnership, R.C. 1775.06
(B),(C) and (D) provide courts with certain guidelines. Specifically, R.C. 1775.06(B) states that "[j]oint tenancy, tenancy with a right of survivorship, tenancy in common, tenancy by the entireties, joint property, common property, or part ownership does not of itself establish a partnership, whether such co-owners do or do not share any profits made by the use of property." Further, "the sharing of gross returns does not of itself establish a partnership, whether or not the persons sharing them have a joint or common right or interest in any property from which the returns are derived." R.C. 1775.06(C). Additionally, "the receipt by a person of a share of the profits of a business is prima-facie evidence that he is a partner in the business * * *." R.C. 1775.06(D).
In the present case, the record is void of any evidence showing that the Schlessmans, Hammersmiths and Wards intended to create a partnership. No evidence was presented of an oral or written agreement to form a partnership. There is no indication that profits, if any, were shared. It appears from the record that despite the jointly owned property and jointly owed mortgage, Timothy Ward, dba Kelly Builders, acted on his own and not as the agent of any alleged partnership. Neither the Schlessmans nor the Hammersmiths appear to have any control over the management of the property. NCB did not foreclose on a partnership asset. Instead, the bank dealt with each couple on a one-to-one basis, apparently releasing both the Schlessmans and the Hammersmiths from their obligation on the mortgage at different points in time. The Hammersmiths and Wards were named as defendants, individually, in the foreclosure action only because they had some interest in the property that was the subject of the action. Thus, while there was evidence that, at one point, the three couples jointly owned three parcels of real property, that fact in itself is insufficient to establish the existence of a partnership. Price v. Mordecki (Oct. 17, 1995), Logan App. No. 8-95-7, unreported. Accordingly, Deborah Ward's first cross-assignment of error is found well-taken.
In her second cross-assignment of error, Deborah Ward contends that the trial court erred as a "matter of law" in awarding the Hammersmiths forty-nine percent of the sale proceeds because the title to Parcel Nos. 3, 4 and 5 at the time of the foreclosure sale reflects that the Hammersmiths had only a thirty-three and one-third interest in the property. Again, the standard here is whether the trial court's factual finding is supported by some competent, credible evidence. C.E. MorrisConstr. Co. v. Foley Constr. Co., 54 Ohio St.2d at 280.
At the hearing, Paul Hammersmith testified that it was agreed that the Schlessman's interest in Parcel Nos. 3, 4 and 5 were to be transferred to both the Hammersmiths and the Wards, with the Hammersmith's having a forty-nine percent interest in the property. According to Paul Hammersmith, Timothy Ward said that he would take care of the transfer as orally agreed upon. Hammersmith stated that he and Diane Hammersmith therefore paid forty-nine percent of the interest payments on the mortgage until they were released from that obligation by NCB. Karen Ward asserted that she had no knowledge of such an agreement. Her trial counsel argued that the Hammersmiths failed to offer any documentary evidence of the forty-nine percent/fifty-one percent agreement or of any payments made.
The parole evidence rule prohibits the introduction of evidence of a prior or contemporaneous oral statement to vary the terms of a written instrument. Uebelacker v. Cincom Systems, Inc.
(1988), 48 Ohio App.3d 268, 273, citing Norris v. Royal Indemn.Co. (1984), 20 Ohio App.3d 206. In the present case, the documentary evidence offered at trial established that the Schlessman's interest in all three parcels was granted to Timothy and Deborah Ward. Nothing in the written instruments suggests that the Hammersmiths had anything more than a one-third interest in the property. Therefore, the evidence of a alleged prior oral agreement between the Hammersmiths and Timothy Ward cannot be used to vary the terms of the deed.
As to the claimed payment of forty-nine percent of the interest on the mortgage for an unknown period after March 1995, all six of the persons involved in the original purchase were named mortgagors and were signatories of the mortgage without any reference as to who would pay what share of the amount owed. As such, each signatory was jointly and severally liable on the note.Rindfleisch v. Aft (Oct. 30, 1997), Cuyahoga App. No. 71820, unreported. Paul Hammersmith did testify that he paid a "shorter percentage" prior to the land transfer; however, his testimony on this question goes to a change in the terms of an oral agreement as to who would pay what share of the mortgage, and does not affect the ownership of the property as set forth in the deed.
The Hammersmiths also rely on a written document that was negotiated in order to effectuate a private sale of one of the three parcels. In that document, Deborah Ward, in order to allow the sale to proceed, agreed to acknowledge that the Hammersmiths had a forty-nine percent interest in the remaining two parcels. However, the document expired, and all three parcels were sold at the sheriff's sale. Thus, the document has no probative value in determining the parties' interests in all three parcels, but must be viewed only as Deborah Ward's willingness to compromise in order to escape potential losses resulting from the forced sale of the property.
For all of these reasons, we find that the trial court's judgment as to the division of the proceeds from the sale of Parcel Nos. 3, 4 and 5 remaining after payment of NCB's judgment lien is against the manifest weight of the evidence. Deborah Ward's second cross-assignment of error is found well-taken. Pursuant to App.R. 12(C), this court enters the judgment on this issue that the court should have issued and finds that Deborah M. Ward, now known as Deborah M. Lake, is entitled to sixty-six and two-thirds percent of those proceeds and Paul E. and Diane M. Hammersmith are entitled to thirty-three and one-third percent of those proceeds.
In their assignment of error, Paul and Diane Hammersmith maintain that the trial court improperly applied the proceeds from the sale of Parcel Nos. 3, 4 and 5 to the individual debts owed by Timothy Ward and Deborah Ward, dba Kelly Builders, on Parcel Nos. 1 and 2. We agree.
In the present case, Paul and Diane Hammersmith are not liable for monies owed as the result of judgment liens on properties or security in which they had no interest. That is, a judgment lien attaches only to property actually owned by a judgment debtor. R.C. 2329.02; Nat'l City Bank v. Ledgard (Sept. 25, 1995), Lucas App. No. L-94-352, unreported, citing Miller v.Albright (1899), 60 Ohio St. 48 and Sinclair Refining v. Chaney
(1961), 114 Ohio App. 538, 547. Paul and Diane Hammersmith had no interest in Parcels 1 and 2 and were not required to pay those debts from proceeds derived from the sale of Parcel Nos. 3, 4 and 5. Therefore, the trial court was required to award them one-third of the sale proceeds left after deducting only the costs of the sheriff's sale and $49,788.39 (the amount of the judgment lien on Parcel Nos. 3, 4 and 5) plus interest. The lower court was then required to award the remaining two-thirds to Deborah Ward, with further deductions, if any, taken from her share. Accordingly, the Hammersmiths' sole assignment of error is found well-taken.
The judgment of the Erie County Court of Common Pleas is reversed, and this cause is remanded to that court for further proceedings consistent with this opinion. Paul E. Hammersmith and Diane M. Hammersmith and Deborah M. Ward, now known as Deborah M. Lake, are ordered to pay the costs of this appeal in equal shares.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 _______________________________ Melvin L. Resnick, J.
 _______________________________ James R. Sherck, J.
 _______________________________ Richard W. Knepper, J.
CONCUR.
[1] The numbering of these parcels is changed in the deeds executed as a result of the sheriff's sale, but the descriptions of the parcels remain the same.