**BANK OF AMERICA et al., Appellees,**

v.

**LITTERAL et al., Appellant.**

[Cite as *Bank of Am. v. Litteral,* 191 Ohio App.3d 303, 2010-Ohio-5884.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 23900.

Decided Dec. 3, 2010.

Lerner, Sampson, & Rothfuss, L.P.A., and Stacy L. Hart, for appellee Bank of America.

Rodney K. Litteral, pro se.

Mathias H. Heck Jr., Montgomery County Prosecuting Attorney, and George Patricoff, Assistant Prosecuting Attorney, for appellee Montgomery County Treasurer.

Fain, Judge.

{¶ 1} Defendant-appellant, Rodney Litteral, appeals from a summary judgment rendered against him and in favor of plaintiff-appellee, Bank of America. Litteral contends that the trial court abused its discretion and denied Litteral due process by failing to grant a motion for additional time to obtain counsel and respond, prior to granting the motion for summary judgment. Litteral also argues that the trial court erred by granting summary judgment before the deadline fixed by the trial court for Litteral's response to the motion had passed.

{¶ 2} We conclude that the trial court erred in prematurely rendering summary judgment in favor of Bank of America. By prematurely entering the judgment, the trial court erroneously removed Litteral's timely filed motion for a continuance from its consideration. By depriving Litteral of the consideration of his motion within its sound discretion, the trial court erred to Litteral's prejudice. Accordingly, the judgment of the trial court is reversed, and this cause is remanded for further proceedings consistent with this opinion.

I

{¶ 3} This appeal stems from a residential foreclosure action initiated in March 2009. In its complaint, Bank of America named Litteral as the primary defendant and sole obligor on the promissory note, but also named all others who might claim an interest in the property subject to the mortgage securing the note, including American Express Co., First Property Group Ltd., and the Montgomery County Treasurer. The complaint against Litteral alleged default under the note and demanded enforcement of the mortgage.

{¶ 4} Service was completed in a timely manner on Litteral and the other defendants. Litteral did not answer or otherwise respond to Bank of America's complaint by the default date, so Bank of America moved for default judgment. Soon after, Litteral filed a motion for an extension of time within which to answer Bank of America's complaint on behalf of both himself and First Property Group Ltd. Litteral had, by quitclaim deed, passed title to the mortgaged property in February 2008. The trial court granted Litteral's motion in part, granting him an extension, but denying leave for Litteral to answer on behalf of First Property Group Ltd. The trial court reasoned that Litteral, who is not an attorney-at-law, could not act on behalf of First Property Group Ltd., of which Litteral was an employee.

{¶ 5} Litteral filed his answer and counterclaim in July 2009. His answer set forth various affirmative defenses and counterclaims. Bank of America responded to the counterclaims on the last day of July 2009.

{¶ 6} The trial court instructed Bank of America to file a motion for default judgment against the nonanswering parties, which Bank of America did in September 2009. The following day, Litteral filed a notice and request for hearing on behalf of both himself and First Property Group Ltd., alleging that he had retained counsel and was seeking that the decision on the motion for default judgment be continued and a hearing be set in the matter. The trial court ordered Bank of America to submit its motion for summary judgment within 14 days. The trial court subsequently granted Bank of America an extension until mid-December 2009 within which to file a motion for summary judgment against Litteral.

{¶ 7} Upon the filing of Bank of America's motion for summary judgment, the trial court set a nonoral hearing on the motion for January 11, 2010, requiring that any and all responses be filed no later than 24 hours before the hearing. No responses were filed by the court's deadline. However, on the day of the nonoral hearing, Litteral filed, separately, a motion for mediation and request for stay pending mediation, and a motion for additional time to respond to the plaintiff's motion for summary judgment. On January 15, 2010, the trial court denied Litteral's request for mediation, but granted Litteral's request for an extension of time to respond to the motion for summary judgment, giving Litteral an additional 14 days (until January 29, 2010) within which to respond. But the court denied the request made on behalf of First Property Group Ltd., because Litteral, not being an attorney, could not move the court on behalf of a corporate entity.

{¶ 8} During the 14–day extension, the trial court granted default judgment against the nonanswering parties, which included First Property Group Ltd.

{¶ 9} No response was filed before January 29, 2010, and the trial court entry rendering summary judgment for Bank of America on its complaint against Litteral, reducing its claim against him on the note to judgment in a specific dollar amount, was filed at 4:06 p.m. That same day, Litteral fax-filed another motion for an extension of time to retain counsel and respond to plaintiff's motion for summary judgment, which was entered on the docket at 4:14 p.m. Having already rendered judgment, the trial court could not revisit the merits of the complaint and never ruled on Litteral's motion for additional time. In the motion for additional time, Litteral points to no issue of material fact and only asks leave of the court for additional time, in view of the fact that he had only just found an attorney to represent him. To date, Litteral has not suggested the existence of any genuine issues of material fact that would have precluded summary judgment.

{¶ 10} Since a judgment had been rendered, Bank of America requested that the property be set for sheriff's sale, pursuant to the terms in the entry granting summary judgment and decree in foreclosure.

{¶ 11} Litteral filed a motion to stay proceedings during the pendency of this appeal. This motion was denied. The real estate was sold at sheriff's auction in May 2010, and the sale was confirmed in July 2010.

II

{¶ 12} Litteral raises only one assignment of error, in several parts, as follows:

{¶ 13} "The trial court abused its discretion and denied appellant due process and a fair trial by failing to grant a motion for additional time to respond so that the defendant/appellant could have sought counsel.

{¶ 14} "A) Due process standard

{¶ 15} "B) The trial court unjustifiably denied defendant/appellant's request for a continuance by not responding to defendant's motion for a hearing.

{¶ 16} "C) The court abused its discretion in denying defendant/appellant an opportunity to subpoena witnesses and evidence, and basic fairness.

{¶ 17} "D) The trial court denied defendant/appellant the benefit of counsel by way of not responding to defendant's motion for additional time to respond and to seek legal counsel.

{¶ 18} "E) Trial court granting default judgment to plaintiff prior to deadline provided to defendant to respond to plaintiff's motion for summary judgment."

{¶ 19} Litteral puts forth two arguments in his sole assignment of error: first, that the trial court erred when it failed to grant Litteral's motion for mediation and request for stay pending mediation; and second, that the trial court erred in

prematurely granting Bank of America's motion for summary judgment, prejudicing Litteral by thereby removing his motion for a continuance from within the trial court's consideration in the exercise of its discretion.

{¶ 20} Litteral's first argument, that the trial court erred when it failed to grant Litteral's motion for mediation and request for stay pending mediation, is without merit. Litteral's request for additional time was granted; only the request for mediation made after Bank of America's motion for summary judgment was filed was denied. Mediation is not a required step in the trial process. R.C. 2323.06 states that "[i]n an action for the foreclosure of a mortgage, the court *may* at any stage in the action require the mortgagor and the mortgagee to participate in mediation as the court considers appropriate and may include a stipulation that requires the mortgagor and the mortgagee to appear at the mediation in person." (Emphasis added.) This suggestion has been underscored by Montgomery County Local Rule 2.30(1)(1), which provides that "[a]ny civil case *may* be referred to mediation pursuant to a party's motion, or by agreement of the parties, or on the Court's own motion." (Emphasis added.)

{¶ 21} The trial court was well within its discretion to deny the motion for mediation at this stage of the proceedings. The trial court was never obligated to grant a motion for mediation at any stage. The rules permit, but do not require, that a trial court consider mediation as an option. Therefore, Litteral was not denied his due-process rights by the trial court's failing to grant his motion for mediation; the trial court was never obligated to do so.

{¶ 22} In support of his second argument—that the trial court erred when it prematurely granted Bank of America's motion for summary judgment—Litteral argues that he was prejudiced by the trial court's having rendered summary judgment before the trial court's self-imposed deadline. Litteral argues that by doing this, the trial court cut off from consideration—judgment already having been rendered—his timely filed motion requesting additional time to respond to the motion for summary judgment.

{¶ 23} Under Civ.R. 56, the nonmoving party has the right to be heard. The defending party has the right to submit opposing affidavits against the pending motion for summary judgment. Id. "Civ.R. 56's procedural fairness requirements place significant responsibilities on all parties and judges to ensure that summary judgment should be granted only after all parties have had a fair opportunity to be heard." *Hooten v. Safe Auto Ins. Co.*, 100 Ohio St.3d 8, 2003-Ohio-4829, 795 N.E.2d 648, ¶ 34.

{¶ 24} The trial court erred when it rendered summary judgment before the deadline set by the court for a response had expired. By rendering judgment

at 4:06 p.m. of the last day within which Litteral was permitted to respond, the trial court effectively removed Litteral's timely filed motion requesting additional time, filed at 4:14 p.m., from its consideration, within its discretion. Had the trial court waited until the following day to rule, it would have been able to rule on Litteral's motion for a continuance. We do not know how the trial court would have exercised its discretion in ruling on the motion for additional time. Litteral had a right, under the rules, to invoke the trial court's discretion in that regard, but was prevented from doing so by the trial court's premature summary judgment. The failure to exercise discretion is itself an abuse of that discretion, even if the failure to exercise discretion is the inadvertent result of a legal error committed by the trial court, as in this case we are sure that it was.

{¶ 25} Litteral's sole assignment of error is sustained.

### III

{¶ 26} The judgment of the trial court is reversed, and this cause is remanded for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

DONOVAN, P.J., and BROGAN, J., concur.