[Cite as *Bank of Am., N.A. v. Litteral*, 2013-Ohio-38.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

| | | |
|---|---|---|
| BANK OF AMERICA, N.A. | : | |
| Plaintiff-Appellee | : | C.A. CASE NO.   25086 |
| v. | : | T.C. NO.   09CV2149 |
| RODNEY K. LITTERAL, et al. | : | (Civil appeal from Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

· · · · · · · · · ·

**O P I N I O N**

Rendered on the ___11th___ day of _____January_____, 2013.

· · · · · · · · · ·

ELIZABETH S. FULLER, Atty. Reg. No. 0081032, 120 East Fourth Street, 8th Floor, Cincinnati, Ohio 45202
          Attorney for Plaintiff-Appellee

RODNEY K. LITTERAL, P. O. Box 8228, Franklin, Ohio 45005
          Defendant-Appellant

· · · · · · · · · ·

FROELICH, J.

{¶ 1}     Rodney K. Litteral appeals from a judgment of the Montgomery County Court of Common Pleas, which granted summary judgment to Bank of America on its

claims and Litteral's counterclaims and entered a judgment and decree of foreclosure. For the following reasons, the trial court's judgment will be affirmed.

I.

{¶ 2}    In March 2009, Bank of America filed suit against Litteral,[1] claiming that Litteral defaulted on his residential note and mortgage. Bank of America was the original lender, and it alleged that it was the holder of the note and the mortgagee. The bank requested a judgment on the note in the amount of approximately $43,600 (plus interest and costs), that the mortgage be foreclosed, and that the property be sold. Litteral filed an answer and asserted several counterclaims.

{¶ 3}    In December 2009, Bank of America moved for summary judgment on its claims and against Litteral on his counterclaims. On January 11, 2010, the submission date for the bank's summary judgment motion, Litteral moved for mediation and for an extension of time to respond to the bank's motion. On January 15, the court denied the motion for mediation, but granted Litteral 14 day additional days (until January 29) to respond to the motion for summary judgment. At 4:06 p.m. on January 29, 2010, the trial court found that Bank of America was entitled to a judgment and decree of foreclosure, with dismissal of the counterclaims. Minutes later, Litteral filed a motion for an extension of time to respond to the bank's motion; he indicated that he had retained counsel and needed additional time to file an appropriate response.

{¶ 4}    Litteral appealed from the trial court's judgment and decree of foreclosure.

---

[1] The complaint named other potentially interested parties, including the Montgomery County Treasurer, American Express Company, and First Property Group, Ltd. These parties are not relevant to this appeal.

In May 2010, while the appeal was pending, the property was purchased by Bank of America at a sheriff's sale. The bid was later assigned to Federal Home Loan Mortgage Corporation. The trial court confirmed the sale and distributed the proceeds in July 2010.

{¶ 5} In December 2010, we reversed the judgment and decree of foreclosure, concluding that the trial court erred when it rendered summary judgment before the deadline set by the court for a response had expired. *Bank of Am. v. Litteral*, 191 Ohio App.3d 303, 2010-Ohio-5884, 945 N.E.2d 1114, ¶ 24 (2d Dist.). We stated: "By prematurely entering the judgment, the trial court erroneously removed Litteral's timely filed motion for a continuance from its consideration. By depriving Litteral of the consideration of his motion within its sound discretion, the trial court erred to Litteral's prejudice. Accordingly, the judgment of the trial court is reversed, and this cause is remanded for further proceedings consistent with this opinion." *Id*. at ¶ 2.

{¶ 6} Upon remand in December 2010, the trial court promptly issued a notice that the claims may be appropriately addressed by summary judgment. It ordered the parties to respond to the notice within 14 days. Bank of America responded and asked the court for a 60-day extension to file a renewed motion for summary judgment. That request was granted.

{¶ 7} Bank of America's renewed motion was ultimately filed on January 20, 2012, and the court set a submission deadline of 1:00 p.m. on February 13. The court's entry further indicated that any response to the motion "must be filed with a copy delivered to the Court not later than 24 hours prior to the aforesaid date and time set for submission."

{¶ 8} On February 13, Litteral notified the court that he intended to proceed with

a defense. He continued: "For good cause, and pursuant to ORC Procedure Rule 6(b), defendant requests additional time to prepare affidavits and to gather additional evidence, which is necessary in preparation of Defendant's response and further defense of this complaint." Litteral argued that summary judgment was inappropriate at that time and a continuance should be granted, because (1) Bank of America had recently reached a settlement with the U.S. Department of Justice regarding Real Estate Settlement Procedures Act (RESPA) violations in foreclosure actions, (2) he had paid federal and state taxes to the Internal Revenue Service based on a 1099-C that Bank of America issued in July 2010, (3) the property was sold in 2010, and (4) the bank "made no effort to file the appropriate documents to provide legal ownership of this property." Litteral requested a 30-day extension to file a memorandum in opposition to summary judgment, an amended complaint, and "other appropriate filings."

{¶ 9} Two days later, on February 15, the trial court overruled the motion for an extension on the ground that Litteral had failed to comply with Civ.R. 56, and it entered summary judgment in favor of Bank of America on its claims and Litteral's counterclaims. The court entered judgment on the note, foreclosed the equity of redemption, and ordered the property sold. (In April 2012, upon the motion of Bank of America, the trial court vacated the 2010 confirmation of sale and sheriff's deed. In August 2012, Bank of America again purchased the property for $6,000.)

{¶ 10} Litteral appeals from the trial court's judgment and decree of foreclosure.

II.

{¶ 11} Litteral's sole assignment of error states:

THE TRIAL COURT ABUSED ITS DISCRETION AND DENIED APPELLANT DUE PROCESS AND A FAIR TRIAL BY FAILING TO PROVIDE ADDITIONAL TIME TO RESPOND AND ALLOWING THE DEFENDANT TO BE HEARD.

{¶ 12} Litteral claims that the trial court's denial of his motion for an extension of time to respond to the bank's amended summary judgment motion was an abuse of discretion and denied him due process. Litteral asserts that the trial court treated Bank of America more favorably, because the court granted the bank's request for an extension and permitted the bank to file its amended summary judgment motion several months late. Litteral further argues that he was denied the opportunity for discovery, to subpoena witnesses, and to provide relevant testimony due to the denial of his motion to amend his complaint. Finally, Litteral argues, as he did in his prior appeal, that the trial court erroneously granted summary judgment to Bank of America in 2010 before his time to respond had expired.

{¶ 13} As an initial matter, Litteral suggests that the trial court was biased against him, as reflected by the entries directing Bank of America to file motions for default judgment and for summary judgment, by the court's entry granting the bank a 60-day continuance to file an amended motion for summary judgment, and by allowing the bank to file its amended summary judgment motion approximately eleven months after the time for filing the motion had expired.

{¶ 14} "Judicial bias is 'a hostile feeling or spirit of ill will or undue friendship or favoritism toward one of the litigants or his attorney, with the formation of a fixed anticipatory judgment on the part of the judge, as contradistinguished from an open state of

mind which will be governed by the law and the facts.' *State v. LaMar*, 95 Ohio St.3d 181, 189, 2002-Ohio-2128. Trial judges are 'presumed not to be biased or prejudiced, and the party alleging bias or prejudice must set forth evidence to overcome the presumption of integrity.' *Eller v. Wendy's Internatl., Inc.* (2000), 142 Ohio App.3d 321, 340, 755 N.E.2d 906. In *Eller,* the court also noted that '[t]he existence of prejudice or bias against a party is a matter that is particularly within the knowledge and reflection of each individual judge and is difficult to question unless the judge specifically verbalizes personal bias or prejudice toward a party.'" (Additional internal citations omitted.) *Weiner v. Kwait*, 2d Dist. Montgomery No. 19289, 2003-Ohio-3409, ¶ 89-90.

{¶ 15} Intermediate appellate courts, such as this one, have no jurisdiction to disqualify a judge based on claims of bias; such claims must be brought to the Chief Justice of the Ohio Supreme Court. *See Beer v. Griffith*, 54 Ohio St.2d 440, 441-442, 377 N.E.2d 775 (1978). If there were a concern about judicial bias, Litteral should have raised the issue at that time and not waited for the appeal. *Janis v. Janis*, 2d Dist. Montgomery No. 23898, 2011-Ohio-3731, ¶ 95. Nevertheless, we find nothing in the trial court's orders that indicated a bias against Litteral, and the trial court's grant of a continuance to Bank of America and allowing the bank to file an untimely motion are insufficient to demonstrate favoritism toward the bank and/or a bias against Litteral.

{¶ 16} Litteral claims that the trial court abused its discretion and violated his right to due process when it denied his request for a continuance, pursuant to Civ.R. 6(B). Civ.R. 6(B) states:

When by these rules or by a notice given thereunder or by order of court an

act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; but it may not extend the time for taking any action under Civ.R. 50(B), Civ.R. 59(B), Civ.R. 59(D), and Civ.R. 60(B), except to the extent and under the conditions stated in them.

**{¶ 17}**　　The grant or denial of a continuance is a matter entrusted to the broad, sound discretion of the trial judge, which will not be reversed absent an abuse of discretion. *State v. Unger*, 67 Ohio St.2d 65, 67, 423 N.E.2d 1078 (1981). An abuse of discretion requires a finding that the decision was unreasonable, arbitrary, or unconscionable. *State v. Anderson*, 2d Dist. Montgomery No. 24657, 2012-Ohio-957, ¶ 6.

**{¶ 18}**　　"In determining whether a trial court abused its discretion when ruling on a motion for a continuance, a reviewing court must weigh any potential prejudice to the defendant against the trial court's 'right to control its own docket and the public's interest in the prompt and efficient dispatch of justice.'" *State v. Pattson*, 2d Dist. Montgomery No. 23785, 2010-Ohio-5755, ¶ 19, quoting *Unger*. The trial court should consider such factors as: (1) the length of the delay requested; (2) whether other continuances have been requested and received; (3) the inconvenience to litigants, witnesses, opposing counsel and the court; (4) whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful,

or contrived; (5) whether the defendant contributed to the circumstance which gives rise to the request for a continuance; and (6) any other relevant factors, depending on the unique facts of the case. *Unger* at 67-68.

{¶ 19} Bank of America's original summary judgment was filed on December 17, 2009. Litteral sought a 30-day extension to respond to the motion; the court granted a 14-day extension, with a response deadline of January 29, 2010. Bank of America's amended summary judgment motion, filed on January 20, 2012, was identical to the bank's original motion, except for an updated statement of the case. The bank also provided a new affidavit in support of its motion, which authenticated the note and the mortgage.

{¶ 20} The trial court notified the parties that the motion would be submitted for decision on February 13, 2012 by 1:00 p.m. The entry further stated, "All memoranda and/or affidavits either [in] support of or in opposition to the motion must be filed with a copy delivered to the Court not later than 24 hours prior to the aforesaid date and time set for submission unless the Court, upon oral or written request, grants an extension."

{¶ 21} Litteral's request for an extension and to file an amended complaint and other appropriate filings was filed at 12:28 p.m. on February 13. The request for an extension was required to be filed by February 12, and thus it was untimely. Litteral claimed that he was requesting an extension under Civ.R. 6(B), due to excusable neglect. But Litteral did not explain why he had failed to file a timely request for a continuance or otherwise respond to the motion for summary judgment. The trial court did not abuse its discretion or violate Litteral's right to due process by denying his untimely request for a continuance under Civ.R. 6(B).

**{¶ 22}** The trial court denied Litteral's request for a continuance, because it failed to comply with Civ.R. 56. Litteral did not seek a continuance under Civ.R. 56(F), and his request for an extension of time to respond to the summary judgment motion did not satisfy that rule. Civ.R. 56(F) provides:

Should it appear from the affidavits of a party opposing the motion for summary judgment that the party cannot for sufficient reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or discovery to be had or may make such other order as is just.

**{¶ 23}** As this Court noted in *Doriott v. MVHE, Inc.*, 2d Dist. Montgomery No. 20040, 2004-Ohio-867:

Pursuant to Civ.R. 7[B], the grounds for a Civ.R. 56(F) motion for a continuance must be stated with particularity. In addition, Civ.R. 56(F) requires the motion to be supported by an affidavit containing "sufficient reasons why (the nonmoving party) cannot present by affidavit facts sufficient to justify its opposition" to the summary judgment motion. *Id.* "Mere allegations requesting a continuance or deferral of action for the purpose of discovery are not sufficient reasons why a party cannot present affidavits in opposition to the motion for summary judgment." "There must be a factual basis stated and reasons given within an affidavit why a party cannot present facts essential to its opposition to the motion."

A party who seeks a continuance for further discovery is not required to specify what facts he hopes to discover, especially where the facts are in the control of the party moving for summary judgment. However, the court must be convinced that there is a likelihood of discovering some such facts. Further, a claim that the party has not completed discovery is more likely to be rejected by the court where the party has not shown some diligence in attempting discovery.

(Citations omitted.) *Id.* at ¶ 40-41.

**{¶ 24}** Litteral did not support his request for a continuance with an affidavit setting forth his bases for his alleged inability to timely respond to the motion for summary judgment. Although Litteral mentioned alleged wrongdoing by Bank of America and a purported settlement with the U.S. Department of Justice, Litteral did not specify how Bank of America had allegedly engaged in misconduct in his case and why he had been unable to obtain evidence to support his defense. This case was remanded to the trial court in 2010, and the bank's motion was virtually identical to its prior motion; yet there is no indication that Litteral engaged in discovery regarding his and/or the bank's claims or otherwise pursued evidence with respect to this action during the pendency of the case (before or after remand). Under the circumstances of this case, we cannot conclude that the trial court abused its discretion in denying Litteral a continuance.

**{¶ 25}** Litteral further argues that the trial court erred in denying his motion to file an amended complaint. The trial court did not explicitly mention the motion to amend the complaint when it denied Litteral's motion for an extension to respond to the amended

summary judgment motion. However, by overruling the motion for an extension and entering judgment in favor of Bank of America, the trial court implicitly overruled the request to file an amended complaint.

{¶ 26} Civ.R. 15(A) provides that "[l]eave of court [to amend a pleading] shall be freely given when justice so requires." "The grant or denial of leave to amend a pleading is discretionary and will not be reversed absent an abuse of discretion." *Englewood v. Turner*, 178 Ohio App.3d 179, 2008-Ohio-4637, 897 N.E.2d 213, ¶ 49 (2d Dist.).

{¶ 27} Litteral did not seek to file an amended complaint until the day that his response to Bank of America's amended summary judgment motion was due. More than one year had elapsed since our remand to the trial court. Litteral did not attach an amended complaint or otherwise specify how his complaint would be amended. As stated above, Litteral's motion discussed general wrongdoing by Bank of America, which resulted in a settlement with the U.S. Department of Justice, but he did not articulate the specific additional claims that he wished to assert against the bank. The trial court did not abuse its discretion when it denied Litteral's motion to file an amended complaint.

{¶ 28} Finally, Litteral raises that the trial court granted Bank of America's motion for summary judgment in 2010, prior to the deadline set for his response to the bank's motion. We addressed this issue in Litteral's prior appeal, and we need not address it again.

{¶ 29} The assignment of error is overruled.

III.

{¶ 30} The trial court's judgment will be affirmed.

. . . . . . . . . .

DONOVAN, J. and HALL, J., concur.

Copies mailed to:

Elizabeth S. Fuller
Rodney K. Litteral
Hon. Mary Katherine Huffman